## AMERICAN SURETY CO. OF NEW YORK v. HUTCHINSON et al.

### No. 6688.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1933.

W. H. Bledsoe and Chas. C. Crenshaw, both of Lubbock, Tex., for appellant.

Richard L. Douglas and Alfred M. Scott, both of Lubbock, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellees brought suit in a state court to recover on a bond in the sum of $3,600, executed by Schulte-United, Inc., as principal, with appellant as surety, to guarantee the performance by the principal of a contract of lease between it and appellees for certain premises in the city of Lubbock, Tex. The case was removed by appellant to the federal court and tried to a jury. At the close of the evidence, both sides moved for a directed verdict. The motion of appellant was denied, and that of appellees was granted. Error is assigned to that action of the court.

Briefly stated, the material facts appearing in the record are these: On June 29, 1928, Schulte-United, Inc., a New York corporation, and J. T. and Ione Hutchinson, appellees, entered into a written contract for the leasing of certain premises in Lubbock, Tex., for a term of 30 years, from February 1, 1931. The lease provided that it should go into effect on January 10, 1931, on which date the lessee could have possession, but no rentals would be payable until February 1, 1931. The total rent for the term of the lease was $141,000, payable monthly in advance, at the rate of $300 per month for the first 5 years, $350 for the next 5 years, $400 for the next 10 years, and $450 for the last 10 years. · The lessee was further obligated to pay all taxes and assessments against the property, keep the buildings insured and in repair at its own expense, with the right to demolish and rebuild the buildings and to sublet any part of the premises. Any permanent improvements were to belong to the lessor at the termination of the lease; any shelving and other fixtures to remain the property of the lessee. The lease contained this clause:

"20. At the option of the lessor the lessee is to execute to the lessors a good and sufficient surety bond executed by some surety company with a permit to do business in the state of Texas, in the sum of thirty-six hundred ($3,600.00) dollars, to guarantee that the lessee or their assigns or under tenants will take possession of said building at the beginning of this lease, and establish its regular line of business, and comply with the terms of this contract; the cost of said bond, if requested by lessor, shall be at lessors' own expense."

In compliance with this clause, on August 9, 1928, the lessee executed a bond with appellant as surety, for which it was paid a premium of $36. Omitting formal parts, this bond was as follows:

"Whereas, the principal has entered into a written contract, dated June 29th, 1928, with the obligees for the leasing of all of lot No. three (3) block No. one hundred thirty-three (133) in the original town of Lubbock, Lubbock county, Texas, together with the improvements thereon; and,

"Whereas, clause No. 20 of the aforesaid contract provides that the principal shall execute and deliver to the obligees a surety bond in the sum of $3,600.00, guaranteeing that the principal will take possession of said building at the beginning of said lease and establish its regular line of business therein, and comply with the terms of said contract:

"Now, therefore, the condition of this obligation is such that if the principal shall take possession of the aforesaid premises at the beginning of said lease and establish its regular line of business in said premises, as therein provided, then this obligation shall be void; otherwise to remain in full force and effect."

The Schulte Company did not take possession of the premises at all, paid no rent or other charges, and on January 14, 1931, was adjudicated bankrupt. With the approval of the court, its trustee disaffirmed and abandoned the lease. A tenant was in possession of the premises under a lease, at $250 a month, expiring September 15, 1930. By agreement he remained in possession, paying rent from month to month up to April, 1931. The premises were vacant during April, May, and June, 1931, when a new lease for 3 years was negotiated for them at a rental of $275 per month, but with no obligation on the tenant to make repairs or pay taxes and insurance.

In filing suit, appellees alleged that the lease and bond provided for liquidated damages. In the alternative, they alleged that, if the bond should be construed to be for a penalty, they had suffered actual damages in loss of rent, taxes, and insurance to be incurred during the term of the new lease, and for necessary repairs in remodeling the premises in the sum of $5,007.

It is contended by appellant that the bond was merely to guarantee that the Schulte

538

Company would take possession of the premises and establish its business therein; that it provides for a penalty; that the only damage appellees could recover would be for the loss of security afforded them by having the stock of merchandise and fixtures in the building, subject to their landlord's lien for rent for the current year; that this item has neither been pleaded nor proved. This contention is untenable.

Under the well-established rule, the bond is to be construed most strongly against appellant. Appellant was charged with notice of the terms of the lease, and the condition of the bond is broad enough to cover, not only a breach of the lease occurring by a failure to take possession of the premises, but also any other breach of the contract, such as the failure to pay rent, taxes, or insurance.

It is immaterial whether a bond in terms provides for a penalty or liquidated damages. The courts will construe the instrument according to the intent of the parties. Conceding that, in order to do justice, courts usually construe bonds such as here involved as providing for a penalty, nevertheless the parties to a contract may stipulate for liquidated damages instead of a penalty. If the amount is reasonable and it is evident that proof of actual damages would be difficult, the contract will be enforced. 8 R. C. L. §§ 112, 113, 114, 115; Clark v. Barnard, 108 U. S. 436, 2 S. Ct. 878, 27 L. Ed. 780. By their motions to direct both parties certified there was no issue of fact for the jury. The construction of the written document would be for the court in any event. We are not advised as to what view the District Court took of the case, but it is immaterial whether the bond be construed as for liquidated damages or a penalty. In either aspect appellees were entitled to recover. The amount stipulated was reasonable. It is evident that appellees did everything possible to minimize their damages. The actual damages alleged were sufficiently proven. They must be held to have been within the contemplation of the parties and exceed the amount of the bond. Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366; Ill. Surety Co. v. O'Brien (C. C. A.) 223 F. 933.

Error is assigned to the overruling of certain demurrers. These assignments are without merit, and require no discussion.

The record presents no reversible error. Affirmed.