**SALEM PRODUCTS CORPORATION,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

**No. 201, Docket 27061.**

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1962.

Decided Jan. 31, 1962.

John G. Laughlin, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Arnold R. Petralia, Atty., Dept. of Justice, Washington, D. C., and Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, on the brief), for appellant.

Leonard S. Elman of Elman & Ornstein, New York City, for appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This action was brought by Salem Products Corporation to recover $1,919.16 paid to the government under protest as a consequence of a finding by the Armed Services Board of Contract Appeals that Salem had realized savings in this amount by reason of a departure from specifications contained in a production contract between Salem and the government. The District Court entered a summary judgment for Salem. We reverse this judgment.

Salem had a contract with the government for the manufacture and delivery of a quantity of parka liners, according to certain detailed specifications. The contract gave the government contracting officer the authority to make changes in the specifications called for by the contract and to make a corresponding adjustment in the contract price. The contract further provided that "failure to agree to any adjustment shall be a dispute concerning a question of fact," which may be appealed to the Armed Services Board of Contract Appeals. The decision of the Board was to be final unless determined by a court of competent jurisdiction to have been "fraudulent, arbitrary, capricious, or so grossly erroneous as necessarily to imply bad faith." [1]

Salem requested permission from the army contracting officer to deviate from the contract specifications in a certain particular. The contracting officer replied as follows:

It is advised that permission is granted to use the alternative method * * * providing same is accomplished at no additional cost to the Government, and further providing that all other operations meet specification requirements.

Salem thereafter fully performed its obligations under the contract and was paid the amount originally specified.

A government review of the contract revealed that Salem had realized a saving as a result of the deviation from specifications. Thereupon, the contracting officer, acting pursuant to the "changes" clause of the contract,[2] declared a reduction in the contract price corresponding to the savings realized by Salem from the deviation. Salem did not agree to the reduction and sought review by the Board.

The Board found that a saving amounting to $1,919.16 had been realized by Salem as a result of the deviation and held that that amount was due the government. Salem paid this amount un-

1. Cf. 68 Stat. 81 (1954), 41 U.S.C.A. § 321 (1958). See also 68 Stat. 81 (1954), 41 U.S.C.A. § 322 (1958).

2. "The Contracting Officer may at any time, by written order, and without notice to the sureties, make changes, within the general scope of this contract, in any one or more of the following: (1) drawings, designs, or specifications, where the supplies to be furnished are to be specially manufactured for the Government in accordance therewith; * * * If any such change causes an increase or decrease in the cost of, or the time required for performance of this contract, an equitable adjustment shall be made in the contract price or delivery schedule, or both, and the contract shall be modified in writing accordingly. * * * "

**810**

der protest and brought suit in the District Court for refund. The district judge set aside this finding on the ground that the government had waived any right to a reduction by specifying in its letter granting permission to make the deviation that the deviation was not to result in any increased cost.

As a matter of first impression, it would seem that the interpretation of the correspondence between the parties in light of the provisions of the contract is a question squarely within the particular competence of the Board and, consequently, one that should be resolved by it subject only to the minimal standard of review specified in the contract. However, Kayfield Const. Corp. v. United States, 278 F.2d 217 (2d Cir. 1960) apparently stands for the proposition that the interpretation of such a government contract is a question of law to be resolved by the court even though by the terms of the contract "disputes" are to be finally resolved by the Board. It is unnecessary in this case to reconsider the doctrine of Kayfield, since, even if the question is one for the court, we hold that the conclusion of the district judge was erroneous.

The district judge found as a matter of law that the contracting officer had, by his letter, agreed to the change in method without change in price in the form of either an increase or a decrease. However, the statement "providing same is accomplished at no additional cost to the government" does not, as we read it, suggest that the government is not to have the advantage of any saving which might result from the change.

In fact it is very doubtful that the contracting officer had the authority to waive the government's right to recover a saving in the contract price. See Bausch & Lomb Optical Co. v. United States, 78 Ct.Cl. 584, 607 (1934).

Appellee's remaining points are without merit.

Reversed and remanded with direction to enter summary judgment for the defendant.