WISE, TRUSTEE IN BANKRUPTCY OF STAN- NARD, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 214. Argued March 11, 1919.—Decided March 31, 1919.

In a contract for the construction of two government laboratory buildings, it was provided that, in case the completion of the work should be delayed beyond a period allowed, the United States, in view of the difficulty of estimating the resulting damages with exactness, and for the cost of extra inspection and rents, salaries and other expenses that would be entailed, might deduct $200 for each day of delay, until the work should be completed, not. as a penalty, but as liquidated damages, computed, estimated and agreed upon. There was such delay, as to both buildings, that the amount, thus computed, exceeded $20,000. *Held,* that the fact that the amount specified was to be the same whether both buildings were delayed or only one was not a sufficient reason for considering it a penalty, nor was there other ground for not giving effect to the agreement as a genuine pre-estimate of loss. P. 364. *Sun Printing & Publishing Association* v. *Moore*, 183 U. S. 642.

Whether a party should be relieved from a plain stipulation for liqui- dated damages upon the ground that a penalty was really intended, will depend upon the facts of the case and not upon a conjectural situation that might have arisen under the contract. *Id.*

52 Ct. Clms. 400, affirmed.

THE case is stated in the opinion.

*Mr. William B. King*, with whom *Mr. George A. King* and *Mr. William E. Harvey* were on the brief, for appellant:

Whether a contract provides for a penalty or liquida‘ d damages is to be decided by considering the essential nature of the deduction provided for and not by the name given to it by the parties. *Sun Printing Association* v. *Moore*, 183 U. S. 642; *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105; *District of Columbia* v. *Harlan & Hollingsworth*, 30 App. D. C. 270, 279; *McCall* v. *Deuchler*, 174 Fed. Rep. 133, 134; *Chicago, Burlington & Quincy R. R. Co.* v. *Dockery*, 195 Fed. Rep. 221.

Liquidation of damages necessarily implies a genuine purpose to make a pre-estimate of damages in the light of all conditions shown upon the face of the contract. *United States* v. *United States Fidelity & Guaranty Co.*, 151 Fed. Rep. 534, 536; *Clydebank Engineering Co.* v. *Don Jose Ramos*, [1905] L. R. App. Cas. 6; *Mt. Airy Milling Co.* v. *Runkles*, 118 Maryland, 371, 377.

There is no liquidation of damages here because the contract purports to liquidate damages at the same sum for two necessarily different conditions of damage. *Raymond* v. *Edelbrock*, 15 N. Dak. 231, 236; *Curry* v. *Larer*, 7 Pa. St. 470; *Bignall* v. *Gould*, 119 U. S. 495; *In re Newman*, L. R. 4 Ch. D. 724, 731; *Kemble* v. *Farren*, 6 Bing. 141; *Astley* v. *Weldon*, 2 Bos. & Pull. 346, 353; *Price* v. *Green*, 16 M. & W. 346; *Willson* v. *Love*, [1896] L. R. 1 Q. B. 626; *Union Pacific R. R. Co.* v. *Mitchell-Crittenden Tie Co.*, 190 Fed. Rep. 544; *Chicago, Burlington & Quincy R. R. Co.* v. *Dockery, supra*, 224; *O'Brien* v. *Illinois Surety Co.*, 203 Fed. Rep. 436, 438; *Northwestern Terra Cotta Co.* v. *Caldwell*, 234 Fed. Rep. 491; *Watt's Executors* v. *Sheppard*, 2 Alabama, 425, 445; *Mt. Airy Milling Co.* v. *Runkles, supra; Palestine Ice Co.* v. *Connally*, 148 S. W. Rep. 1109.

It is no answer to say that in this case the contractor defaulted on both buildings and now can not complain because he is obliged to pay the liquidated damages agreed upon for such default. The contractor might have

defaulted upon only one building and the same liquidated damages would have been claimed because of the failure in respect to only one of the divisible halves of the contract. A contract must be interpreted by what it means, when made, and by the possibilities of the future, not by the particular state of facts which actually results. The "nature of the writings" (quoting the term used in 183 U. S. 645) is the guide for the interpretation of a contract, not its outcome. *Van Buren* v. *Digges*, 11 How. 461, 477; *Steer* v. *Brown*, 106 Ill. App. 361, 364.

*Mr. Assistant Attorney General Brown*, with whom *Mr. Leonard Zeisler* was on the brief, for the United States.

MR. JUSTICE CLARKE delivered the opinion of the court.

In December, 1904, Stannard, represented in this case by his Trustee in Bankruptcy, contracted with the United States to erect two laboratory buildings for the Department of Agriculture, in the city of Washington, D. C., for $1,171,000. The buildings were both to be completed in thirty months and for a delay of 101 days beyond the contract period the Government deducted from the contract price $200 a day, the amount stipulated in the contract as liquidated damages, a total of $20,200, and the claim made in this court is for the recovery of that amount.

The Court of Claims dismissed the petition and the case is here on appeal.

The contract was in writing and the specifications, which the contractor had before him when bidding, were made a part of it. These specifications contain the following:

"11. Each bidder must submit his proposal with the distinct understanding that, in case of its acceptance, time for the completion of the work shall be considered as

of the essence of the contract, and that for the cost of all extra inspection and for all amounts paid for rents, salaries, and other expenses entailed upon the United States by delay in completing the contract, the United States shall be entitled to the fixed sum of $200, as liquidated damages, computed, estimated, and agreed upon, for each and every day's delay not caused by the United States."

The provision of the contract upon the subject is:

"3. To complete the said work in all its parts within thirty months from the date of the receipt of the notice referred to in subdivision 2 hereof. Time is to be considered as of the essence of the contract, and in case the completion of said work shall be delayed beyond said period, the party of the second part may, in view of the difficulty of estimating with exactness the damages which will result, deduct as liquidated damages; and not as a penalty, the sum of two hundred dollars ($200.00) for each and every day during the continuance of such delay and until such work shall be completed, and such deductions may be made from time to time, from any payment due hereunder.'"

There is no dispute as to the extent of the delay and the sole contention of the appellant is that, because a single sum in damages is stipulated for, without regard to whether the completion of one or both buildings should be delayed, and because the damage to the Government would probably be less in amount if one were completed on time and the other not, than if the completion of both were delayed, the provision of the contract with respect to liquidated damages cannot be considered the result of a genuine pre-estimate of the loss which would be caused by the delay but must be regarded as a penalty which requires proof of damage in any amount to be deducted.

If it were not for the earnestness with which this claim

is presented we should content ourselves with the observation that as there was delay in the completion of both buildings, the case falls literally within the terms of the contract of the parties and that a court will refuse to imagine a different state of facts than that before it for the purpose of obtaining a basis for modifying a written agreement, which evidently was entered into with great deliberation.

The subject of the interpretation of provisions for liquidated damages in contracts, as condradistinguished from such as provide for penalties, was elaborately and comprehensively considered by this court in *Sun Printing & Publishing Association* v. *Moore*, 183 U. S. 642, applied in *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105, and the result of the modern decisions was determined to be that in such cases courts will endeavor, by a construction of the agreement which the parties have made, to ascertain what their intention was when they inserted such a stipulation for payment, of a designated sum or upon a designated basis, for a breach of a covenant of their contract, precisely as they seek for the intention of the parties in other respects. When that intention is clearly ascertainable from the writing, effect will be given to the provision, as freely as to any other, where the damages are uncertain in nature or amount or are difficult of ascertainment. or where the amount stipulated for is not so extravagant, or disproportionate to the amount of property loss, as to show that compensation was not the object aimed at or as to imply fraud, mistake, circumvention or oppression. There is no sound reason why persons competent and free to contract may not agree upon this subject as fully as upon any other, or why their agreement, when fairly and understandingly entered into with a view to just compensation for the anticipated loss, should not be enforced.

There are, no doubt, decided cases which tend to support

the contention advanced by appellant, but these deci-
sions were, for the most part, rendered at a time when
courts were disposed to look upon such provisions in
contracts with disfavor and to construe them strictly,
if not astutely, in order that damages, even though
termed liquidated, might be treated as penalties, so that
only such loss as could be definitely proved could be re-
covered. The later rule, however, is to look with candor,
if not with favor, upon such provisions in contracts when
deliberately entered into between parties who have
equality of opportunity for understanding and insisting
upon their rights, as promoting prompt performance of
contracts and because adjusting in advance, and amicably,
matters the settlement of which through courts would
often involve difficulty, uncertainty, delay and expense.

The result of the application of the doctrine thus stated
to the case before us cannot be doubtful. The character
of the contract and the amount involved assures experi-
ence and large capacity in the contractor and the parties
specifically state that the amount agreed upon as liqui-
dated damages had been "computed, estimated and agreed
upon" between them. It is obvious that the extent of
the loss which would result to the Government from
delay in performance must be uncertain and difficult to
determine and it is clear that the amount stipulated for
is not excessive, having regard, to the amount of money
which the Government would have invested in the build-
ings at the time when such delay would occur, to the
expense of securing or continuing in other buildings
during such delay, and to the confusion which must
necessarily result in the important and extensive labora-
tory operations of the Department of Agriculture.

The parties to the contract, with full understanding
of the results of delay and before differences or interested
views had arisen between them, were much more com-

petent to justly determine what the amount of damage would be, an amount necessarily largely conjectural and resting in estimate, than a court or jury· would be, directed to a conclusion, as either must be, after the event, by views and testimony derived from witnesses who would be unusual to a degree if their conclusions were not, in a measure, colored and partisan.

There is nothing in the contract or in the record to indicate. that the parties did not take into consideration, when estimating the amount of damage which would be caused by delay, the prospect of one building being delayed and the other not, and the amount of the damages stipulated, 'having regard to the circumstances of the case, may well have been adopted with reference to the probability of such a result.

The judgment of the Court of Claims must be

*Affirmed.*