## BASSETT v. CLAUDE NEON FEDERAL CO. OF KANSAS.

### No. 760.

Circuit Court of Appeals, Tenth Circuit.

May 27, 1933.

E. L. Foulke, of Wichita, Kan. (Roy H. Wasson, of Wichita, Kan., on the brief), for appellant.

Arnold C. Todd, of Wichita, Kan. (Jas. G. Norton and Julian E. Ralston, both of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The referee allowed a claim of the Neon Company against the estate of Sternbock, bankrupt. On review the court affirmed the order of the referee. The trustee has appealed.

The evidence before the referee was not certified to the trial court and is not before us. Hence on this appeal we are concluded as to the facts by the findings of the referee.

The claim is based upon four contracts for the installation and maintenance of four Neon signs. Under each of such contracts the Neon Company agreed to furnish the necessary labor and materials, to construct a specially designed sign for the bankrupt, and to maintain it for a period of thirty-six months; and the bankrupt agreed to pay therefor a stipulated sum in thirty-six monthly installments. In each of such contracts it was further agreed that, in the event of a breach thereof by the bankrupt, he should pay the Neon Company 75% of the balance of the installments due to compensate it for actual loss in labor and materials furnished in the erection of such sign, and that the Neon Company should have the right to repossess the sign.

The record does not disclose when the petition in bankruptcy was filed, but the adjudication was had on March 14, 1932. The bankrupt defaulted in the installment due upon each of such contracts on February 1, 1932. The Neon Company repossessed the signs and filed its claim for 75% of the balance due under such contracts.

The referee found that the signs were specially designed for the bankrupt; that they had very little salvage value; that 25% of the aggregate amount paid under such contracts was to compensate the Neon Com-

pany for the maintenance of such signs during the contract period, and 75% thereof was to reimburse the Neon Company for labor and materials furnished in the erection of such signs; that such 75% approximated the damages sustained by the Neon Company by reason of the defaults of the bankrupt; and that such amount constituted liquidated damages.

The trustee contends that the claim did not accrue until after the filing of the petition in bankruptcy. The verified proof of claim alleges that the amount of the claim was due and owing at the time the petition in bankruptcy was filed. Furthermore, the record does not disclose when the petition was filed, and in the absence of a showing that it antedated the defaults and demands for payment of the liquidated damages, we must assume the contrary, because the order of the referee, affirmed by the trial court, is presumptively correct.

The trustee further contends that the stipulations in the contracts provide for penalties rather than for liquidated damages.

In Wise v. United States, 249 U. S. 361, at page 365, 39 S. Ct. 303, 304, 63 L. Ed. 647, the court said:

"The subject of the interpretation of provisions for liquidated damages in contracts, as contradistinguished from such as provide for penalties, was elaborately and comprehensively considered by this court in Sun Printing & Publishing Association v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366, applied in United States v. Bethlehem Steel Co., 205 U. S. 105, 27 S. Ct. 450, 51 L. Ed. 731, and the result of the modern decisions was determined to be that in such cases courts will endeavor, by a construction of the agreement which the parties have made, to ascertain what their intention was when they inserted such a stipulation for payment, of a designated sum or upon a designated basis, for a breach of a covenant of their contract, precisely as they seek for the intention of the parties in other respects. When that intention is clearly ascertainable from the writing, effect will be given to the provision, as freely as to any other, where the damages are uncertain in nature or amount or are difficult of ascertainment or where the amount stipulated for is not so extravagant, or disproportionate to the amount of property loss, as to show that compensation was not the object aimed at or as to imply fraud, mistake, circumvention or oppression."

See, also, Larabee Flour Mills Co. v.

Carignano (C. C. A. 10) 49 F.(2d) 151, 154, 155.

The amount stipulated for was not disproportionate to the actual loss suffered, and there was no showing of fraud, circumvention, or oppression. The repossessed signs had no substantial salvage value. We conclude that the parties, by the provisions contained in each of the several contracts, intended to contract for liquidated damages and not for a penalty.

It follows that, on such defaults and demands for payment, fixed and absolutely owing obligations arose under the contracts, which constituted provable claims in bankruptcy. Section 103, Title 11 USCA; Board of Commerce of Ann Arbor, Mich. v. Security Trust Co. (C. C. A. 6) 225 F. 454. See also Central Trust Co. of Illinois, etc., v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

The order is affirmed.