William C. Roberts and Frank H. Peterman, both of Alexandria, La., for appellants.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue and J. Fair Hardin, Asst. U. S. Attys., all of Shreveport, La.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

---

### AYRES & GRAVES v. UNITED STATES.

#### No. 8586.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1938.

HOLMES, Circuit Judge.

This appeal is from a judgment after a trial on the merits in an action by appellants under the Tucker Act, 28 U.S.C.A. § 41 (20), for the recovery of $3,260, withheld by appellee as liquidated damages in settlement for the work done by appellants in the construction of a levee under a written contract between the parties.

The contract provided that, for a consideration of $80,242 to be paid by appellee, appellants obligated themselves to construct a certain levee according to plans and specifications incorporated therein, the levee, when completed, to contain approximately 757,000 cubic yards; that appellee might make changes in the plans or specifications within the general scope of the contract and 20 per cent. of the amount; that any increase in the amount of work would be paid for at the contract rate; that the work would be completed within 180 days from

receipt of notice from appellee to proceed, and, on default therein, that appellants or their bondsmen would pay stipulated damages in the amount of $20 per day for each day in excess of that allowed. Appellants began work under the terms of the contract on August 12, 1932, whereby the 180-day period was fixed from that date to expire on February 8, 1933.

Prior to the approval of the contract, and in accordance with a provision therein, appellants submitted their proposed plan of operation in which they stated that they had six dragline dirt-moving machines on the job with which they could complete the work by December 1, 1932, which they expected to do even if more equipment should be required. The plan of operation was approved and notice was given for the work to begin.

After the work was under way, other levee contracts were awarded to appellants. The work here in question being ahead of schedule, some of the machines placed on this levee were removed for use in other work. Thereafter the work proceeded more slowly than before, the rate at which the levee was being completed being fast enough to complete the job within the 180-day period, if no delays occurred, but not fast enough to complete it by the 1st of December, as contemplated in the plan of operation approved by appellee.

On December 28, 1932, a large portion of the work being unfinished, the contracting officer notified appellants to construct a tie-in levee from the new levee to the old to protect against predicted high water. There is some controversy as to whether or not, under the terms of the contract and the physical conditions resulting, this amounted to a direction by the contracting officer to suspend work on the main levee; but, under the view we take, it may be assumed that it did. On January 14, 1933, appellants were directed to begin work under another contract and were instructed to place their equipment as soon as the tie-in above referred to was completed. This, appellee did, and the work under the contract in question was not resumed until appellants were notified that the water had receded and the work might be started again. When the work was resumed it was finished in 36 days, but 163 days after the expiration of the 180-day period provided in the contract. Appellants were fully paid for the work of constructing the tie-in levee, but $20 per day for each day of delay over the 180

days specified in the contract, or $3,260, was withheld as liquidated damages as provided in the contract. It is conceded that high water was a foreseeable cause of delay, and was one of the contingencies against which appellee had protected itself under the contract. It is not contended that the contracting officer acted arbitrarily and without good cause in directing the construction of the tie-in levee. Appellants' main contention is that they would have completed the work within the 180-day period stipulated, but failed to do so only because they carried out the instructions of appellee's contracting officer.

■ The District Court found that the failure of appellants to complete the work on time was occasioned by the removal of the machines to other jobs which they had undertaken, and denied recovery. This finding seems to be well supported by the evidence. Liquidated damages stipulated in contracts such as the one here under consideration are not penalties but are pre-estimates of the loss occasioned by delay. Sun Printing & Pub. Ass'n v. Moore, 183 U.S. 642, 22 S.Ct. 240, 46 L.Ed. 366; United States v. Bethlehem Steel Corp., 205 U.S. 105, 27 S.Ct. 450, 51 L.Ed. 731; Wise v. United States, 249 U.S. 361, 39 S.Ct. 303, 63 L.Ed. 647. In order for appellants to sustain their contention, they must have shown that the delay was due to some fault or neglect on the part of appellee. Control of the levee protection in the territory where the work was in progress was specifically retained in the contract by the government. In exercising that control it did no more than was contemplated by the parties when the contract was made. The liquidated damages withheld by appellee are what appellants had previously agreed would be the damage to appellee from delay. The order of the contracting officer to construct a tie-in levee was no more the wrongful act of appellee than the contemplated high water which occasioned it. Since both the order and the high water were foreseeable at the time the contract was entered into, appellant must be charged with having covenanted to complete the work before the flood season began. Indeed, it so stated in its plan of operation. Having abandoned that plan, it cannot now charge appellee with wrong in taking the necessary precautions for the safety of the inhabitants of the territory which were stipulated for in the contract. Cf. American Surety Co. v. Hutchinson, 5 Cir., 63 F.2d 536.

By an alternative prayer, appellant asks for recovery of $20 per day for the time consumed in the construction of the tie-in levee. However, this was within the general scope of the contract and the provisions therein for additional work. The stipulated price for this additional work has been paid to appellants under the terms of the contract, and we find no basis upon which it may be treated differently from that enumerated therein.

The judgment of the District Court is affirmed.