

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

November 16, 1954

Mr. Milburn Lathan　　　　　　　Opinion No. S-145
Executive Assistant
Texas Southern University　　Re: Payment of liquidated damages
3201 Wheeler Avenue　　　　　　　　for default on completion
Houston, Texas　　　　　　　　　　date of student dormitory and
　　　　　　　　　　　　　　　　　　a student union building at
Dear Mr. Lathan:　　　　　　　　Texas Southern University.

　　　　On October 15, 1952, a Texas corporation contracted
to build a dormitory group for Texas Southern University.
The contract emphasized the importance of the time element in
completing the work.　In Paragraph 3 of the General Conditions in the contract we find the statement:

　　　　"All time limits stated in these documents are
of the essence of the contract."

Again, in Paragraph 27 of the General Conditions is found the statement:

　　　　"All contract work shall be completed on or
before the date set out in contract.

　　　　"Contractors must recognize the necessity
for completing the work on time, and they shall
take all necessary steps to assure this end.
Contracts between Contractor and Sub-Contractors,
special contractors, and material dealers shall
provide properly scheduled work and deliveries
to assure the completion within the agreed time
limit.

　　　　"Contractors shall guarantee the completion
of the work upon the agreed date and shall agree
to the payment to Owner liquidated damages in the
sum of $50.00 per day, for each and every calendar
day's delay beyond the date fixed for the completion
of the work and the same shall constitute a charge
to be paid by Contractor to Owner, prior to final
settlement on the Contract.

　　　　"Should Contractor be delayed in the prosecu-
tion or completion of the work by act, neglect or
default of Owner, of Architect, or of any other

Contractor employed by Owner upon the work, or by any damage caused by fire, weather conditions or other casualty for which Contractor is not responsible or by general strikes or lockouts caused by the acts of employees, then the time fixed for completion of the work shall be extended for a period equivalent to the time lost by reason of any of the causes aforesaid, which extended period shall be determined and fixed by Architect; but no such allowance shall be made unless a claim therefore is presented in writing to Architect within forty-eight hours of the occurence of such delay."

Again, in Paragraph 28 of the General Conditions is the statement:

". . . The damages set for the benefit of Owner shall apply at the time for final settlement as a charge against Contractor. Time being a consideration in awarding of the contract Owner accepts the above stipulated damages as the measure of its damage in the event that the work is not substantially completed and ready for occupancy on the Contract Completion Date. The said sums are agreed upon as the measure of liquidated damages and shall not be considered in any sense as penalties."

Paragraph 3 of Addendum #1 to this contract again emphasized the time element:

"Owner desires to be able to provide housing for students for the Fall Semester of 1953-54, opening on or about September 1, 1953. Bidders should note that both low cost and time for occupancy are of vital concern to Owner and that cost should not be penalized adversely to save time and similarly that time should not be penalized to save cost. Time of completion, however may be a factor in awarding a contract as between two bids reasonably close together. At least partial occupancy of Men's and Women's Dormitory Buildings by September 1, 1953 is desirable, with completion of the remainder of the work thereafter as is feasible."

The Contractor's bid of 427 calendar days was accepted by the Board of Directors of Texas Southern University. Completion Date according to the bid submitted

by Contractor was December 16, 1953. Under the provisions of Paragraph 27, supra, the Contractor requested and the Architect granted extensions of 60 days because of weather conditions and of 70 days because of general strikes. This total 130 days extended the Contract Completion Date to April 25, 1954. However, Contractor did not complete the dormitory group contract until August 1, 1954, when the Union Building was substantially ready for use. The two dormitories were substantially ready for use on or about June 1, 1954.

You ask three questions in regard to the foregoing statements:

1. Is the provision in the contract specifying a fixed sum as liquidated damages for default in completion date an enforceable obligation under the facts presented?

2. Is the collection of the sum specified as liquidated damages discretionary or mandatory with Texas Southern University?

3. Does the completion date of the last completed building determine the completion date or can a partial completion be recognized for the purpose of determining liquidated damages on a pro rata basis?

The leading case on the subject of liquidated damages is Sun Printing and Publishing Association v. Moore, 183 U.S. 642, 22 S.Ct. 240, 46 L.Ed. 366 (1902). Beginning at page 673 the Court quotes from an early New York case the applicable rule:

"When the parties to a contract, in which the damages to be ascertained, growing out of a breach, are uncertain in amount, mutually agree that a certain sum shall be the damages, in case of failure to perform, and in language plainly expressive of such agreement, I know of no sound principle or rule applicable to the construction of contracts, that will enable a court of law to say that they intended something else. Where the sum fixed is greatly disproportionate to the presumed actual damages, probably a court of equity may relieve; but a court of law has no right to erroneously construe the intention of the parties, when clearly expressed, in the endeavor

to make better contracts for them than they have
made for themselves. . ."

In the instant situation it is clearly apparent
that the University has suffered substantial actual damage
caused by the delay. The construction of the buildings
was financed with the proceeds from an issue of revenue
bonds. The bonds are to be paid from the revenues earned
from the operation of the buildings. It has been determined
that a revenue in excess of $3,000 per month may reasonably
be expected from each of the dormitories, and a revenue in
excess of $50,000 per month may reasonably be expected from
the operation of the Union Building. The liquidated damages
provided in the contract have a reasonable relation to the
actual damages, are not punitive, and therefore are valid
charges against the Contractor. Stewart v. Basey, 150
Tex. 666, 245 S.W.2d 484 (1952).

The provision for liquidated damages need not be
apportioned because some of the buildings were completed
at an earlier time than the completion date for the last
building. The contract was a single contract for three
buildings, and until the last building was completed it can-
not be contended that there was compliance with the contract.
The case of Wise v. United States, 249 U.S. 361, 39 S.Ct.
303, 63 L.Ed. 647 (1919) involved a contract to build two
buildings for the Department of Agriculture in Washington,
D.C. The Supreme Court expressly rejected the argument
that an apportionment of liquidated damages should be
accorded for the completion of one building prior to final
completion of the other building and of the contract. In
concluding the Court made a statement which controls your
situation:

"There is nothing in the contract or in the
record to indicate that the parties did not take
into consideration, when estimating the amount of
damage which would be caused by delay, the prospect
of one building being delayed and the other not, and
the amount of the damages stipulated, having regard
to the circumstances of the case, may well have been
adopted with reference to the probability of such
a result."

Since the charge for liquidated damages has
accrued against the Contractor, it is now mandatory that
the Board of Directors of Texas Southern University collect
this liquidated sum. Sections 53 and 55 of Article III of
the Constitution of Texas prohibit the release of any
indebtedness, liability or obligation of any corporation or

individual to this State. The Board of Directors of Texas Southern University operate under powers delegated to them by the Legislature. Certainly the Legislature has not, and could not grant to them powers which the Legislature has not itself.

## SUMMARY

The Provision in the dormitory group contract specifying liquidated damages is an enforceable obligation.

The completion date on the last building determines the completion date of the contract. No apportionment of liquidated damages is provided.

It is mandatory that the Board of Directors of Texas Southern University collect the sum specified as liquidated damages.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Billy E. Lee*

Billy E. Lee
Assistant

APPROVED:

J. C. Davis, Jr.
County Affairs Division

W. V. Geppert
Reviewer

Phillip Robinson
Reviewer

Robert S. Trotti
First Assistant

BEL:cs