**UNITED STATES of America, Plaintiff,**

v.

**O. G. INNES CORPORATION, Defendant.**

United States District Court
S. D. New York.
March 26, 1962.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for plaintiff. Eugene R. Anderson, Asst. U. S. Atty., of counsel.

Wacht & Innes, New York City, for defendant. James W. Innes, New York City, of counsel.

WEINFELD, District Judge.

The defendant moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the complaint as barred by the five-year statute of limitations applicable to suits for civil penalties, as well as for laches and delay to its prejudice; alternatively, it moves for summary judgment pursuant to Rule 56. Plaintiff cross moves for summary judgment in its favor.

The action is brought to recover liquidated damages for nondelivery and late delivery of crude rubber which the defendant agreed to deliver to the General Services Administration, an agency of the United States, under eleven separate contracts entered into between the agency and the defendant during the period from July 2, 1952 to December 24, 1952. Each contract bound the defendant to pay liquidated damages which prescribed graduated rates for late delivery and nondelivery. Annexed to and made part of the complaint is a list setting forth the number of each contract and date of termination of the delivery period thereunder, quantity of crude rubber not delivered within the period, applicable rate of liquidated damages and the amount of damages due on each item computed at such rate. The dates of termination of delivery periods run from August 31, 1952 to January 31, 1953, so that the latest date of claimed breach is January 31, 1953. This action was begun on October 6, 1961, more than eight years after that date.

The defendant contends that the action is time-barred by reason of

28 U.S.C. § 2462.[1] This action, however, is not for the enforcement of a "civil fine, penalty or forfeiture" as used in the statute. Plaintiff seeks to recover damages for breach of contract, although the amount of damages is fixed by a liquidated damage clause—a valid provision, when reasonable, in a government contract.[2] Even were the liquidated damage provisions here in question held to impose a penalty, as the defendant contends, the defendant is not entitled to a dismissal; in that circumstance the court would refuse to enforce it as invalid and relegate the plaintiff to a claim for its actual damage. The essential nature of the claim would still remain one for the recovery of damages flowing from a breach of contract. The expression "penalty or forfeiture" contemplates "something imposed in a punitive way for an infraction of a public law."[3] Since, as has been held, an action under section 26(b)(1) of the Surplus Property Act of 1944[4] to recover statutory damages of $2,000 each for fraudulent purchases of property is civil in nature and not subject to the five-year limitation,[5] a fortiori an action to recover liquidated damages for breach of contract is beyond the statute's reach. The defendant's contention that the provision for liquidated damages in the various contracts is in reality a penalty is doubtful, at best, and may not be upheld summarily.

■ With respect to the defendant's further position that the suit may not be maintained because of laches, it is well settled that a claim of the United States is not subject to that defense.[6] The motion to dismiss the action as time-barred or for laches is, accordingly, denied.

■ As to the defendant's alternative motion for summary judgment and plaintiff's cross-motion, both these motions rest solely on the affidavits of the attorneys for the respective parties; neither is shown to have participated in nor to have firsthand or actual knowledge of the transactions in suit. In addition, even if these affidavits be treated as sufficient insofar as they identify documents, there emerge from them factual issues which preclude the granting of either motion. For example, how much of the rubber on the s/s Steel King, which arrived at Staten Island on September 28, 1952, was available for inspection before September 30, 1952, the termination delivery date under the applicable contract, presents a genuine issue.[7] There is a further issue as to whether shortages charged against the defendant on some contracts were made up by overdelivery on other contracts. So too, there is an issue under defendant's contention that it tendered to plaintiff rubber which, under trade practices, would meet contract requirements; what the trade practices were presents an issue of fact.

The defendant's motion for summary judgment, predicated upon the invalidity of the liquidated damage clause, is denied, as is the plaintiff's cross-motion

1. *"Time for commencing proceedings.* Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

2. E.g. Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956); Wise v. United States, 249 U.S. 361, 39 S.Ct. 303, 63 L.Ed. 647 (1919); United States v. Bethlehem Steel Co., 205 U.S. 105, 27 S.Ct. 450, 51 L. Ed. 731 (1907).

3. Meeker & Co. v. Lehigh Valley R. R., 236 U.S. 412, 423, 35 S.Ct. 328, 332, 59 L.Ed. 644 (1915).

4. 40 U.S.C.A. § 489(b)(1).

5. Koller v. United States, 359 U.S. 309, 79 S.Ct. 755, 3 L.Ed.2d 828 (1959) (Per Curiam).

6. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940).

7. Compare United States v. United Eng'r and Contracting Co., 234 U.S. 236, 34 S.Ct. 843, 58 L.Ed. 1294 (1914).

for reasons already stated. Since there must be a trial in any event, the validity of the liquidated damage clause [8] will more appropriately be determined upon a full record rather than on the present papers. The same observation applies to the effect claimed by the defendant [9] for the termination letters purporting to terminate deliveries under the contracts "without cost to either party."

---

8. Compare Priebe & Sons v. United States, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32 (1947), with United States v. Le Roy Dyal Co., 186 F.2d 460 (3rd Cir. 1950), cert. denied, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1357 (1951).

9. Cf. Salem Prods. Corp. v. United States, 298 F.2d 808 (2d Cir. 1962); United States v. Zenith-Godley Co., 295 F.2d 634 (2d Cir. 1961).