**BETHLEHEM STEEL CORPORATION, Plaintiff-Appellant,**

v.

**CITY OF CHICAGO, Defendant-Appellee.**

**No. 14887.**

United States Court of Appeals Seventh Circuit.

Aug. 27, 1965.

Rehearing Denied Oct. 8, 1965, en banc.

Harlan L. Hackbert, Chicago, Ill., for plaintiff-appellant.

Sydney R. Drebin, Asst. Corp. Counsel, Marvin E. Aspen, Chicago, Ill., for defendant-appellee.

Before DUFFY and KNOCH, Circuit Judges, and GRANT, District Judge.

GRANT, District Judge.

Plaintiff-Appellant [1] (Bethlehem) brought this action to recover an item of $52,000.00, together with certain items of interest, etc., withheld by the Defendant (City), as liquidated damages for delay in furnishing, erecting, and painting of the structural steel for a portion of the South Route Superhighway, now the "Dan Ryan Expressway", in the City of Chicago. On consideration of a motion and a counter-motion for summary judgment, the District Court concluded that Plaintiff's claims on the items in controversy should be denied and entered judgment accordingly.[2] We agree and we affirm.

The trial court's findings included the following uncontroverted facts:

*   *   *   *   *   *

"The work which Bethlehem undertook was the erection in Chicago of structural steel for a 22-span steel stringer elevated highway structure, approximately 1,815 feet long, to carry the South Route Superhighway from South Canal Street to the South Branch of the Chicago River. Bethlehem's work was preceded and followed by the work of other contractors on the same section.

"The 'Proposal and Acceptance' in the instructions to bidders required the bidders to '* * * complete * * * within the specified time the work required. * * *' Time was expressly stated to be the essence of the contract and specified provisions were made for delivery of the steel within 105 days thereafter, or a total of 195 days after commencement of work, which was to be not later than 15 days from notification. The successful bidder was to submit to the Commissioner of Public Works a 'Time Schedule' for his work and if 'less than the amount * * * specified to be completed' were accomplished 'the City may declare this contract forfeited. * *' The work had to be completed irrespective of weather conditions.

"The all important provision specifying $1,000 a day 'liquidated damages' for delay is as follows:

'The work under this contract covers a very important section of the South Route Superhighway, and any delay in the completion of this work will materially delay the completion of and opening of the South Route Superhighway thereby causing great inconvenience to the public, added cost of engineering and supervision, maintenance of detours, and other tangible and intangible losses. Therefore, if any work shall remain uncompleted after the time specified in the Contract Documents for the completion of the work or after any authorized extension of such stipulated time,

---

1. At the time of oral argument on this Appeal, this Court granted Plaintiff's motion that "Bethlehem Steel Corporation be substituted as the Plaintiff-Appellant in the place and stead of Bethlehem Steel Company in this cause, and that all proceedings had subsequent to December 31, 1964, be deemed to have been taken by or against said Bethlehem Steel Corporation."

2. Bethlehem Steel Company v. City of Chicago, 234 F.Supp. 726 (N.D.Ill.E.D.1964).

the Contractor shall pay to the City the sum listed in the following schedule for each and every day that such work remains uncompleted, and such moneys shall be paid as liquidated damages, not a penalty, to partially cover losses and expenses to the City.

'Amount of Liquidated Damages per Day * * * $1,000.00.

'The City shall recover said liquidated damages by deducting the amount thereof out of any moneys due or that may become due the Contractor. * * *'

"Provision was made to cover delay in a contractor's starting due to preceding contractor's delay. Unavoidable delays by the contractor were also covered, and extensions therefor accordingly granted."

Bethlehem's work on this project followed the construction of the foundation and piers of the superhighway by another contractor. Bethlehem, in turn, was followed by still another contractor who constructed the deck and the roadway.

Following successive requests for extensions of its own agreed completion date, Bethlehem was granted a total of 63 days' additional time within which to perform its contract. Actual completion by Bethlehem, however, was 52 days after the extended date, which delay the City assessed at $1,000.00 per day, or a total of $52,000.00 as liquidated damages.

Bethlehem contends it is entitled to the $52,000.00 on the ground that the City actually sustained no damages. Bethlehem contends that the above-quoted provision for liquidated damages is, in fact, an invalid penalty provision. It points out that notwithstanding the fact that it admittedly was responsible for 52 days of unexcused delay in the completion of its contract, the superhighway was actually opened to the public on the date scheduled.

In other words, Bethlehem now seeks to re-write the contract and to relieve itself from the stipulated delivery dates for the purposes of liquidated damages, and to substitute therefor the City's target date for the scheduled opening of the superhighway. This the Plaintiff cannot do.

In Wise v. United States, 249 U.S. 361, 365–67, 39 S.Ct. 303, 304–05, 63 L.Ed. 647, the Supreme Court said:

" * * * [T]he result of the modern decisions was determined to be that * * * courts will endeavor, by a construction of the agreement which the parties have made, to ascertain what their intention was when they inserted such a stipulation for payment, of a designated sum or upon a designated basis, for a breach of a covenant of their contract * * *. When that intention is clearly ascertainable from the writing, effect will be given to the provision, as freely as to any other, where the damages are uncertain in nature or amount or are difficult of ascertainment or where the amount stipulated for is not so extravagant, or disproportionate to the amount of property loss, as to show that compensation was not the object aimed at or as to imply fraud, mistake, circumvention or oppression. *There is no sound reason why persons competent and free to contract may not agree upon this subject as fully as upon any other, or why their agreement, when fairly and understandingly entered into with a view to just compensation for the anticipated loss, should not be enforced.*

" * * * *The later rule, however, is to look with candor, if not with favor, upon such provisions in contracts when deliberately entered into between parties who have equality of opportunity for understanding and insisting upon their rights, as promoting prompt performance of contracts and because adjusting in advance, and amicably, matters the settlement of which through courts would often involve difficulty, uncertainty, delay and expense.* * *

" * * * It is obvious that the extent of the loss which would result

to the Government from delay in performance must be uncertain and difficult to determine and it is clear that the amount stipulated for is not excessive * * *.

"The parties * * * were much more competent to justly determine what the amount of damage would be, an amount necessarily largely conjectural and resting in estimate, than a court or jury would be, directed to a conclusion, as either must be, after the event, by views and testimony derived from witnesses who would be unusual to a degree if their conclusions were not, in a measure, colored and partisan." (Italics supplied.)

Another amount herein in controversy concerns the sum of $98,464.69 admittedly unpaid under the contract and involves the applicability of a provision of the contract requiring the customary closing documents including waivers from all subcontractors and materialmen, etc., before final payment shall be due and payable.

The Court below entered summary judgment

(1) awarding Bethlehem the sum of $98,464.69, which balance was admittedly unpaid, "upon execution and delivery to Defendant of the 'contract payment voucher' and 'final estimate,' together with waivers from any subcontractors or materialmen, required by the contract":

(2) denying Bethlehem's claim for the $52,000.00 withheld as liquidated damages for the delay;

(3) denying Bethlehem's claim for interest on either the $98,464.69 or the $52,000.00 items; and

(4) denying Bethlehem's claim for costs, and awarding costs to the Defendant.

The opinion of the District Court contained a detailed recital of the uncontroverted facts in this controversy, and a well-reasoned analysis of the provisions of applicable law. We fully approve and concur in the determination of the case on the grounds and for the reasons therein set forth. We adopt the opinion of the District Court as our opinion in the disposition of this Appeal.

For the reason set forth in 234 F.Supp. 726, supra, the judgment appealed from is affirmed.

Affirmed.