**Ramesh PATEL, Appellant**

v.

**TUTTLE PROPERTIES, LLC, et al., Appellees.**

No. 2011–SC–000415–DG.

Supreme Court of Kentucky.

Feb. 21, 2013.

Michael A. Rowady, Blair & Rowady, P.S.C., Winchester, KY, for appellant.

Jesse Reid Hodgson, White Peck Carrington LLP, Mount Sterling, KY, for appellees.

Opinion of the Court by Justice SCOTT.

Appellant, Ramesh Patel, and Appellees, Tuttle Properties, LLC and BT's Quick Mart, were engaged in a commercial real estate transaction. Appellant was unable to secure adequate financing to close the transaction, however, and Appellees retained his earnest money deposit. Appellant brought suit and the trial court granted summary judgment to Appellees. The Court of Appeals affirmed and Appellant now appeals to this Court arguing: (1) the Court of Appeals should have reviewed the trial court's ruling to determine whether the earnest money clause constituted a proper liquidated damages provision; (2) the earnest money clause was an unenforceable penalty; and (3) the lower court should have imposed a constructive trust upon Appellees for the earnest money deposit. For the following reasons, we reverse and remand.

## I. BACKGROUND

On October 12, 2006, Appellant entered into a written contract to purchase a convenience store and associated real estate in Mt. Sterling, Kentucky from Appellees. The parties' contract stated that the transaction was to close within 120 days of its signing. Upon signing, Appellant placed $125,000 into the escrow account of Appellees' attorney to be applied toward the $450,000 purchase price. The contract detailed the purpose of Appellant's escrow payment as follows:

3. *Earnest Money Deposit.* As evidence of good faith binding this Agreement, [Patel] has, simultaneously with the execution of this Agreement, deposited with White Peck Carrington, LLP, as escrow agent for [Tuttle], Quick Mart and [Patel], earnest money in the sum of $125,000.00, receipt of which is hereby acknowledged by [Tuttle] and Quick Mart, the same to be applied on the total

purchase price due and payable hereunder at closing, or refunded to [Patel] if the Closing does not take place pursuant to the terms, conditions and provisions of this Agreement due to no fault of, or breech [sic] hereunder by, [Patel].

Shortly after the parties' execution of the contract, but before closing, they signed a lease agreement allowing Appellant to begin the operation of the convenience store. On the same day the lease agreement was executed, the parties also signed an amendment modifying the original agreement. The amendment reads as follows:

*First Amendment.* In consideration of the mutual benefits to be derived therefrom by the parties hereto, Tuttle, Quick Mart and [Patel] agree that the entirety of the $125,000.00 currently held by White Peck Carrington, LLP, Mount Sterling, Kentucky, as Escrow Agent for Tuttle, Quick Mart and [Patel] under the above referenced [October 12, 2006] Agreement, shall be transferred and paid this date by White Peck Carrington, LLP, as Escrow Agent aforesaid, to Tuttle as the earnest money deposit under the Agreement, the same to be applied on the total purchase price due and payable under the Agreement at Closing, or refunded to [Patel] if the Closing does not take place pursuant to the terms, conditions and provisions of the Agreement due to no fault of, or breech [sic] under the Agreement by, [Patel].

Ultimately, Appellant was unsuccessful in obtaining the necessary financing to complete the transaction. As a result, Appellees retook possession of the real estate, but refused to refund any of Appellant's $125,000 deposit. Appellant filed suit and the Montgomery Circuit Court entered summary judgment in favor of Appellees. The Court of Appeals subsequently affirmed the lower court's decision.

## II. ANALYSIS

This case comes to us as an appeal from the Court of Appeals' affirmation of the trial court's grant of summary judgment in favor of Appellees. "The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Hammons v. Hammons,* 327 S.W.3d 444, 448 (Ky.2010). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Id.* (*citing Malone v. Kentucky Farm Bureau Mut. Ins. Co.,* 287 S.W.3d 656, 658 (Ky. 2009)). "Furthermore, it is well established that '[t]he construction as well as the meaning and legal effect of a written instrument . . . is a matter of law for the court.'" *Id.* (*quoting Morganfield Nat. Bank v. Damien Elder & Sons,* 836 S.W.2d 893, 895 (Ky.1992)); *see also Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.* 238 S.W.3d 644, 647 (Ky.2007). In such cases, this Court reviews the issue *de novo. Id.* (*citing Cumberland Valley Contractors, Inc.,* 238 S.W.3d at 647).

### A. Summary Judgment

Appellant's initial argument is that this Court must first address the central issue in this case, which the Court of Appeals failed to address. Specifically, Appellant asks that a determination be made as to whether the earnest money deposit constitutes an appropriate amount of liquidated damages in the event of breach, or, instead, is an unenforceable penalty. We agree that this issue needs to be addressed

in order to come to the proper conclusion in this case.

The Court of Appeals failed to address the liquidated damages issue, holding that: "[w]hile Patel argues the Agreement did not contain a valid liquidated damages clause under *United Services Auto. Ass'n v. ADT Sec. Services, Inc.*, 241 S.W.3d 335 (Ky.App.2006), we see no reason to address that issue given the express language of the Agreement." Appellant argues that the outcome of this appeal is dependent on a determination as to the answer to this question.

The trial court's judgment also does not contain a determination of whether the earnest money deposit is an allowable award of liquidated damages or that it is not allowable as a penalty. Given that there is ambiguity in the language of the contract, there is a genuine issue that needs to be resolved before the outcome of this case can be determined. Thus, summary judgment was not appropriate, and the trial court needs to make such findings and determinations.

**B. Liquidated Damages or Unenforceable Penalty**

■ "A provision in a contract providing for liquidated damages will be enforced, provided it is in actuality liquidated damages and not a penalty. If such provision is in fact a penalty it will not be enforced and the injured party will be entitled to recover the actual damages suffered." *Fidelity & Deposit Co. of Maryland v. Jones*, 256 Ky. 181, 75 S.W.2d 1057, 1060 (1934). "Legislative enactments approve and courts favor 'liquidated damage' provisions in contracts." *Coca–Cola Bottling Works (Thomas), Inc. v. Hazard Coca–Cola Bottling Works, Inc.*, 450 S.W.2d 515, 518 (Ky.1970) (citing *Maryland Casualty Co. v. Ballard County*, 217 Ky. 343, 289 S.W. 316 (1926); *Wise, Trustee v. United States*, 249 U.S. 361, 39 S.Ct.

303, 63 L.Ed. 647 (1919); *Gustav Hirsch Organization, Inc. v. East Ky. Rural Elec. Co-op. Corp.*, 201 F.Supp. 809 (E.D.Ky. 1962)). In *Coca–Cola Bottling Works*, our predecessor Court stated:

[W]hile the authorities recognize that at one time courts looked with disfavor upon contracts providing for liquidated damages, that time has long passed, and the courts now are strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained.

*Id.* at 519. (citing *United States v. Bethlehem Steel Co.*, 205 U.S. 105, 27 S.Ct. 450, 51 L.Ed. 731).

■ "Courts should, and do, enforce the agreement unless the proof clearly shows that according to the circumstances existing at the time of the execution the amount was grossly disproportionate to the damage which might flow from a breach." *Id.* (citing *Gustav Hirsch Organization, Inc.*, 201 F.Supp. at 809).

Therefore, the trial court needs to determine whether the amount of the earnest money deposit, in light of the anticipated damages or actual loss caused by the breach of the contract, was reasonable or so unreasonably large that it is unenforceable on the grounds that public policy would deem it to be a penalty. *Mattingly Bridge Co., Inc. v. Holloway & Son Construction*, 694 S.W.2d 702, 704–05 (Ky. 1985).

**C. Constructive Trust**

■ Appellant also argues that the lower courts should have imposed a constructive trust upon Appellees for the earnest money deposit. "[A] constructive trust

arises when a person entitled to property is under the equitable duty to convey it to another because he would be unjustly enriched if he were permitted to retain it." *Terrill v. Estate of Terrill*, 217 S.W.3d 858, 860 (Ky.App.2006) (*citing Kaplon v. Chase*, 690 S.W.2d 761, 763 (Ky.App.1985); *Becker v. Neurath*, 149 Ky. 421, 149 S.W. 857 (1912)). However, this determination is dependent upon whether the deposit is deemed to be an unenforceable penalty, in which case the Appellees would be unjustly enriched by the retention of the deposit and thus a constructive trust should have been established in order to protect said funds. Otherwise, if the liquidated damage clause is found to be valid, then a constructive trust need not have been established.

### III. CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals and remand to the trial court to make the necessary determinations in accordance with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.