RENDERED: DECEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0167-MR

ANDREA DAWN RIEGLING,
INDIVIDUALLY; AND THE 21ST
AMENDMENT LLC, D/B/A 21ST
AMENDMENT TAVERN                                    APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.               HONORABLE AUDRA J. ECKERLE, JUDGE
                         ACTION NO. 20-CI-000198


UNIVERSAL LINEN SERVICE, LLC                        APPELLEE


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

COMBS, JUDGE: This is a civil case involving a claim for breach of contract.

Andrea Dawn Riegling and The 21st Amendment, LLC, d/b/a 21st Amendment

Tavern (the tavern), appeal the partial summary judgment entered by the Jefferson

Circuit Court in favor of Universal Linen Service, LLC (Universal Linen),

awarding Universal Linen more than $17,500.00 on its claim for breach of contract. After our review, we affirm.

The material facts are not in dispute. The tavern opened in the Germantown neighborhood of Louisville during Derby week 2019. Riegling managed the kitchen. She arranged for linen service to be provided to the tavern by Universal Linen by signing a service agreement on April 9, 2019 -- prior to the actual opening of the tavern for business. She also executed a personal guarantee of payment.

The parties' service agreement provided for weekly delivery, rental, and laundering of items, including aprons, kitchen shirts, chef coats, bar towels, cloth napkins, and laundry bags. The level of service could be adjusted to suit the tavern's needs, and the prices charged for various categories of linen service selected by Riegling were guaranteed for a year. The term of the agreement was negotiated by the parties, who decided on a period of thirty-six months.

Universal Linen guaranteed the highest quality service, and the agreement provided the mode by which the tavern could lodge any complaints. Universal Linen agreed that the tavern could terminate service if Universal Linen failed to resolve "any material complaint in a reasonable period of time." In that event, the tavern was required to return all rented linen and garments in good condition. Additionally, the agreement provided that the contract could be

terminated prior to the end of its term for any reason -- provided that the tavern pay any outstanding invoices and liquidated damages within thirty days of termination. Liquidated damages were defined as 60% of the weekly service charge for the unexpired period, plus the value of the linen and garments in inventory at loss-replacement cost. The tavern acknowledged specifically that "the Liquidated Damages amount is a reasonable estimate of [Universal Linen's] damages and is not a penalty." Finally, the parties agreed that Universal Linen could discontinue service and terminate the contract if the tavern failed to comply with the terms of the agreement. Riegling represented that she signed the agreement as an "Authorized Representative of [the tavern]." Beside her signature, she indicated that she was an "Exec Chef + partner."

The weekly charge for service to the tavern averaged less than $190.00. Linen service was provided to the tavern from May 21, 2019, until August 6, 2019. During this time, the tavern never contacted Universal Linen to adjust its service levels pursuant to the terms of the agreement; it never lodged a complaint concerning the quality of service; however, it never paid an invoice for service provided. Consequently, Universal Linen discontinued service pursuant to its right to do so under the terms of the agreement.

Several months later, on January 9, 2020, Universal Linen filed an action for breach of contract against the tavern and Riegling. The tavern and

Riegling filed a timely answer to the complaint on January 31, 2020. They also filed a counterclaim in which they alleged that Universal Linen breached the service agreement by failing to deliver the highest quality service and by failing to improve its quality. On this basis, the tavern and Riegling asserted that they had elected to terminate the service agreement. They also asserted a claim for abuse of process. Universal Linen replied to the counterclaim, denying the allegations and asking for written discovery: interrogatories, requests for production of documents, and requests for admissions. The defendants did not respond.

On September 28, 2020, Universal Linen filed a motion for summary judgment. It contended that there was no genuine issue of material fact concerning the breach of the parties' service agreement or Riegling's breach of her guarantee of prompt payment. Universal Linen argued that the defendants were jointly and severally liable for $24,401.06, plus attorney's fees, and that it was entitled to judgment as a matter of law. Supporting affidavits were attached to the motion.

The tavern and Riegling filed responses to written discovery on October 20, 2020. On November 2, 2020, they filed their response to the motion for summary judgment in which the tavern and Riegling argued that the services requested far exceeded the tavern's needs, but that Universal Linen "refused to modify the amount of linens to be provided under the agreement." They also argued that Universal Linen should not recover liquidated damages based upon an

anticipated computation because hours of operation and capacity as well as the use of cloth linens had been restricted by the government in response to the COVID-19 pandemic beginning in March 2020.

The tavern also asserted that Riegling lacked authority to bind it to the service agreement and that the complaint against it should be dismissed based upon insufficiency of service and/or insufficiency of service of process because of a misnomer appearing on the face of the complaint. The defendants argued that Universal Linen failed to its mitigate damages and that their nonperformance of the agreements should be excused because performance was impossible or impractical.

The defendants last argued that Universal Linen's claim for liquidated damages was unenforceable on the ground of public policy: that the damages sought were grossly disproportionate to its actual damage. The affidavit of Robert Hudson, a managing member "of the LLC that operates the 21st Amendment Tavern," was attached. Hudson indicated that the correct name of the business organization that owns and operates the tavern did not appear either on the service agreement or on the summons and complaint; that Riegling was not an owner or registered agent of the tavern at the time she executed the service agreement; that she lacked authority to bind the tavern to the agreement; that the tavern determined in mid-July 2019 that the cost of the linen service was not affordable; and that Universal Linen did not permit modification of the service agreement.

In response to the counterclaim, Universal Linen argued that summary judgment was proper because Riegling identified herself as the authorized representative of the tavern; that the tavern held her out to the community as an agent of the company; that the defendants admitted in their answer that they failed to pay for the linen service provided; that the name of the business entity was not erroneous; that the excuse of impossibility of performance is irrelevant; and that its claim for liquidated damages is indeed enforceable.

In an order entered on January 8, 2021, the Jefferson Circuit Court granted the motion for summary judgment with respect to the past due balance of $2,266.39 and liquidated damages in the amount of $15,272.62, representing the value of the contract since its termination. The circuit court denied summary judgment with respect to the value of the linen and garments in the tavern's inventory at loss-replacement cost amounting to $6,862.05. The court designated the order as final and appealable with there being no just cause for delay. This appeal followed.

On appeal, Riegling and the tavern argue that the circuit court erred by granting partial summary judgment in favor of Universal Linen. They contend that the limited liability company was incorrectly identified in the complaint and that the tavern's registered agent was not properly served with process; that Universal Linen failed to mitigate damages and that its claim for liquidated

damages is unenforceable; and finally, that their assertion of the impossibility or impracticality of performance of the parties' agreement created a genuine issue of material fact. We consider these arguments in the order in which they were presented.

As set forth in CR[1] 56.03, summary judgment is properly granted where:

> the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Upon our review, we must consider whether the trial court correctly determined that there were no genuine issues of material fact concerning Universal Linen's claim of breach of contract and that it properly concluded that Universal Linen was entitled to judgment as a matter of law. *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Bldg. Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the trial court's interpretations of law *de novo. Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

---

[1] Kentucky Rules of Civil Procedure.

The tavern contends that the circuit court erred by granting partial summary judgment in favor of Universal Linen because the limited liability company was improperly identified in the complaint and its registered agent was not properly served with process. We disagree.

Universal Linen filed its complaint against Riegling, individually, and against "THE 21ST AMENDMENT LLC d/b/a 21ST AMENDMENT TAVERN." A copy of the complaint and a summons directed to C. Thomas Hectus, identified as the entity's agent for service of process, was duly served. However, the entity's Articles of Organization indicate that the company that owns and operates the tavern is named "The 21st Amendment Limited Liability Company."

Where the court has jurisdiction of the subject matter of an action, a general appearance by a defendant waives all defects in the service of process. *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813 (Ky. 2019). A defendant makes a general appearance if its motions and pleadings are not limited to testing the personal jurisdiction of the court. *Id.*

The answer filed in this action was not limited to a test of the court's personal jurisdiction. Instead, Hectus made a general appearance on behalf of the defendants by filing a comprehensive answer to the complaint. Because the tavern submitted fully to the personal jurisdiction of the court at the outset of the action, it cannot now complain of improper service.

Essentially, the appellants complain that Universal Linen's designation of "THE 21ST AMENDMENT LLC d/b/a 21ST AMENDMENT TAVERN" is defective for utilizing "LLC" in lieu of spelling out "limited liability company." However, such an abbreviation is at most a mere misnomer leaving no one in doubt as to the correct identity of the entity. *See Jones v. Baptist Healthcare System, Inc.*, 964 S.W.2d 805 (Ky. App. 1997). Universal Linen clearly intended to identify the correct company, and the intended entity was duly served with process. The company vigorously defended the action and represented to the court that it was the real party in interest by admitting that it operated under the assumed name "21st Amendment Tavern." The trial court did not err on this basis by granting partial summary judgment. Furthermore, it retains authority to order an amendment of the complaint if it views such action necessary.

Next, Riegling and the tavern argue that the circuit court erred by granting partial summary judgment because Universal Linen failed to mitigate its damages and that its claim for liquidated damages is unenforceable based upon principles of public policy. Again, we disagree.

A party claiming damages for breach of contract is obligated to use reasonable efforts to mitigate those damages. *Deskins v. Estep*, 314 S.W.3d 300 (Ky. App. 2010). The injured party must act reasonably so as not to enhance the

damages caused by the breach. *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849 (Ky. App. 2014) (citing 22 AM.JUR.2D *Damages* § 353 (2010)).

There is no indication that Universal Linen failed to mitigate its damages. In August 2019, when it appeared that the tavern would not abide by the terms of the parties' service agreement, Universal Linen promptly terminated the contract. It ceased delivery of linens and stopped charging for the agreed upon services; it collected its clean, unused linen from the tavern -- all in compliance with the terms of the contract. Nevertheless, the tavern complains that Universal Linen sought to collect the value of the dirty, unused linen still in its possession despite the tavern's willingness to turn over those items to Universal Linen.

The partial summary judgment granted by the circuit court provides that "an issue of material fact remains with regard to the amount of inventory that [remains in the tavern's possession] and the amount that has been reclaimed by Universal Linen." As a result, the circuit court properly declined to grant a summary judgment with respect to the "amount of money that is owed for inventory." Consequently, we need not address this issue further.

With respect to the award included in the court's partial summary judgment, Riegling and the tavern contend that the circuit court erred by permitting Universal Linen to rely on the contract's provision for liquidated damages upon breach of the service agreement. The tavern expressly acknowledged and indorsed

the definition and manner of computation of liquidated damages in the contract as being a reasonable estimate of Universal Linen's actual damages. However, the tavern now contends that the amount awarded is grossly disproportionate to any damages actually suffered by Universal Linen. We disagree.

Contract provisions for liquidated damages upon breach of the agreement are useful in commercial transactions because they help to avoid litigation focused on determining actual damages. *Mattingly Bridge Co., Inc. v. Holloway and Son Const. Co.*, 694 S.W.2d 702 (Ky. 1985). Where actual damages are difficult to ascertain and it appears that an amount agreed upon is not greatly disproportionate to the damages actually sustained, an agreement to pay a stipulated sum as liquidated damages will be enforced by the court. *Id.* (citing *Fidelity & Deposit Co. of Maryland v. Jones*, 256 Ky. 181, 75 S.W.2d 1057 (1934)). Courts enforce the agreement unless the proof clearly shows that according to the circumstances existing at the time of the execution of the agreement, the amount was grossly disproportionate to the damage which might flow from a breach. *Patel v. Tuttle Properties, LLC*, 392 S.W.3d 384 (Ky. 2013) (citing *Gustav Hirsch Organization, Inc., v. East Ky. Rural Elect. Co-op. Corp.*, 201 F.Supp. 809 (E.D. Ky. 1962)).

Despite the tavern's argument to the contrary, Universal Linen undoubtedly incurred damages as a consequence of the breach of the parties'

agreement. Measuring anticipated revenue against a broad array of costs, including materials, facilities, products, equipment, and staffing, Universal Linen stated that calculating actual damages for any individual contract with any degree of precision would be nearly impossible. Under these circumstances, the Jefferson Circuit Court found that a damage award equal to 60% of the remaining value of the parties' agreement was not grossly disproportionate. The bare assertions of Riegling and the tavern to the contrary are insufficient to warrant or to justify a reversal of the summary judgment.

Finally, Riegling and the tavern argue that the circuit court erred by rejecting their assertion that the impossibility or impracticality of performance of the parties' agreement created a genuine issue of material fact. Riegling and the tavern contend that the unusual exigencies caused by the COVID-19 pandemic mean that the tavern had no use for most of the linen service that it requested in April 2019. They argue that this fact should excuse their breach of the agreement with Universal Linen. We disagree with the premise underlying this argument.

The parties' agreement was partially performed between April and August 2019. Based upon the failure of Riegling and the tavern to comply with the terms of the agreement, the contract was terminated by Universal Linen in August 2019. Pursuant to the terms of the service agreement, damages were fixed as of that date. Because the exigencies to which Riegling and the tavern refer did not

begin to take effect until March 2020, they are not temporally relevant to a determination of whether a breach occurred and how the liquidated damages were computed. Consequently, the trial court did not err by granting the partial summary judgment in favor of Universal Linen.

We affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

C. Thomas Hectus
Louisville, Kentucky

BRIEF FOR APPELLEE:

Gavin Weinrich
Louisville, Kentucky