## Middleton, et al. v. Beasley, et al.

(Decided December 12, 1919.)

### Appeal from Garrard Circuit Court.

Trusts—Constructive Trust—Frauds, Statute of—Parties.—Where a petition to be made parties to an action alleged a confidential relationship between the title holder of land in controversy and the petitioners, as well as a parol contract, recognized by the title holder to his death, to deed them the undivided one-half interest claimed, and contributions by them toward the purchase price, a constructive trust not within the statute of frauds is asserted and the court erred in rejecting the petition, even though it might have appeared from other pleadings and evidence that these allegations could not be sustained.

R. H. TOMLINSON for appellants.

J. E. ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellants, the children of a former wife of John Beasley, deceased, attempted as intervenors, in an action to sell his real property and settle his estate, to assert an undivided one-half interest under a constructive trust in forty-three acres of land to which he held title. Their tendered petition to be made parties was rejected, but made part of the record, and following a final judgment they have appealed.

It is alleged, in substance, in the rejected petition as amended, that decedent and his then wife, appellants' mother, entered into an agreement to purchase this tract of land jointly, to pay for it by the joint and combined labors of themselves and their respective children by

former marriages, and to have it conveyed to them jointly so that the children of each would eventually take the share of their respective parent; that the mother of appellants died before the land was fully paid for and decedent thereafter took deed to himself upon the understanding and agreement that he would reconvey to appellants, his step-children, their mother's half interest therein; that in compliance with this contract they continued to the time of his death to help raise crops on the land to pay for same; that they and their mother fully carried out her part of the contract; that he at all times recognized their ownership of an undivided one-half interest in the land and frequently announced to strangers that he intended to fix the title accordingly, but that he neglected to do so.

The only question now before us is whether these allegations of a parol contract are sufficient to support a constructive trust, for, if so, the court erred in rejecting appellants' petition to be made parties, even though from the other pleadings or evidence in the suit it might have appeared to the court they could not sustain these allegations under the familiar rule as stated in Potter v. Potter, 180 Ky. 370:

"That in order to show a parol trust against the holder of the legal title, the evidence must be clear, convincing and satisfactory, and such as to take the case out of the realm of conjecture; and where the evidence is uncertain, conflicting, doubtful, or unsatisfactory, or is susceptible of a reasonable explanation on a theory other than the existence of a trust, no trust will be established."

That a cause of action was stated at least we think is beyond question, because of the allegations of confidential relationship between the parties and contributions toward the purchase price by appellants and their mother, in addition to the alleged parol contract and the recognition of its binding force by the title holder to the time of his death.

The principle upon which a constructive trust may be created and established that has been frequently approved by this court is thus stated in Pomeroy's Equity Jurisprudence, section 1044:

"If a person obtains the legal title to property by such arts or acts or circumstances or circumvention, im-

position, or fraud, or if he obtains it by virtue of the confidential relation or influence under such circumstances that he ought not, according to the rules of equity and good conscience, as administered in chancery, to hold and enjoy the beneficial interest of the property, a court of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances and relations; and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and to promote the safety and interests of society."

See also Crutcher v. Muir, 90 Ky. 142; Griffin v. Schlenk, 139 Ky. 523; Schaffer v. Schaffer, 97 Ky. 512; Payne v. McClure Lodge, 115 S. W. 764; Weidemann v. Crawford, 142 Ky. 303; Parker v. Catron, 120 Ky. 145; Warden v. O'Brien, 142 Ky. 633; Willis v. Lamb, 158 Ky. 777.

Whether the cause of action stated by appellants can be sustained by the evidence, or has been lost by laches, are matters that cannot be decided until the issues have been made up and the evidence heard, and we do not now, of course, express any opinion upon any of these questions.

Wherefore the judgment is reversed and cause remanded for proceedings consistent herewith.