## Hoge v. Kentucky River Coal Corporation.

(Decided October 12, 1926.)

### Appeal from Leslie Circuit Court.

1. Corporations—General Manager of Corporation, Who Took Deeds Pursuant to Contracts to Convey to Corporation's Predecessor, Cannot Maintain that Corporatoin Did Not Accept Such Contracts.—General manager of corporation's business, who took deeds from persons who had contracted to convey to corporation's predecessor, using corporation's blanks and information acquired as agent, cannot maintain that corporation did not accept such contracts, though it did not assume obligation of its predecessor's debts.

2. Appeal and Error.—Chancellor's finding will not be disturbed, where it was not opposed to weight of evidence.

3. Trusts—General Manager of Corporation, Who Obtained Lands in Violation of Duty, Will be Compelled to Convey to Corporation, Though he Paid for Land with His Own Money.—General manager of corporation, who obtained title to certain lands for which corporation had contracts, in violation of duty as agent, will be compelled to convey to corporation, though he paid for land with his own money, since resulting trust arose under such circumstances.

4.  Limitation of Actions—Suit of Corporation to Compel Agent's
    Conveyance of Lands Fraudulently Acquired Held Properly
    Brought Immediately After Fraud was Discovered More than Five
    Years After Cause of Action Accrued (Ky. Stats., Section 2519).—
    Suit of corporation to compel general manager to convey certain
    lands which he acquired under its contracts in violation of duty as
    agent held properly brought immediately after fraud was dis-
    covered and within 10 years, though more than 5 years after
    cause of action had accrued, in view of Ky. Stats., section 2519.

5.  Limitation of Actions.—As respects limitations, constructive notice
    by recordation of deed is insufficient notice of agent's fraud, since
    principal may rely on agent's faithfulness until he receives actual
    notice to contrary.

6.  Principal and Agent.—Agent who acquired land for which prin-
    cipal had contracts cannot, in principal's suit to require convey-
    ance, contend that such contracts had expired, where grantors
    made no such claim.

7.  Appeal and Error.—Chancellor's judgment, based on conflicting
    evidence, will not be disturbed.

T. E. MOORE, JR., R. T. MOORE and W. A. STANFILL for ap-
pellant.

JESSE MORGAN, P. T. WHEELER, M. C. BEGLEY, E. C. HOL-
LIDAY and JOHN D. CARROLL for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Prior to the year 1904 C. B. Slemp, John Mayo and
others had organized five or six coal companies, which
were known as the "Slemp Interests," for the purpose
of buying coal lands in eastern Kentucky, and so con-
tracted for and purchased something over 80,000 acres
of such land in Perry, Leslie and other counties in eastern
Kentucky.  In 1904 Lucinda Couch and Carr Couch, by
written contract, agreed to sell and convey to one of
these companies for a stipulated consideration the coal
and mineral interest in certain lands owned by them;
in 1905 G. M. Caudill made a like contract with one of
these companies; in 1906 Robert C. Combs made a like
contract with one of the companies; these contracts were
all properly acknowledged and duly recorded.  In 1915
all the "Slemp Interests" were consolidated into the
Kentucky River Coal Corporation.  In 1916 the heirs of
Nelson Collins made a like contract with it.

After the "Slemp Interests" began business in these
counties they opened an office in Hazard, Kentucky, and
put an agent in charge of the office.  A room was rented

in the National Bank building; the papers were kept in that office and the business of the companies was transacted from it. Several different men were there as agents, one after the other, until January 1, 1911, when James B. Hoge was appointed agent and took charge of the office. After the consolidation he continued as the agent of the consolidated company until December 1, 1917, when he left the service of the company. On April 21, 1923, the corporation brought this suit against him, charging in its petition that while acting as its agent and having charge of its business he had taken deeds to himself for the four tracts of land above named, without its knowledge or consent and in violation of his duty as its agent. Judgment was prayed that he be required to convey the lands to the corporation. The allegations of the petition were denied, proof was taken and on final hearing the circuit court adjudged the plaintiff the relief sought, but adjudged that the corporation must pay Hoge the money which he had paid for the lands. Hoge appeals, and the corporation prosecutes a cross-appeal.

Hoge insists that he was not a general agent, but was only authorized to do such business as he was specifically directed to do. The great weight of the evidence is against him, and the admitted facts and documents filed with the record leave no room for doubt on this subject. He was the general manager in charge of the business just as his predecessors had been and he clearly so understood it at the time, as shown by his own letters.

Hoge also insists that the corporation was not entitled to the benefit of the three contracts made in 1904, 1905 and 1906, by reason of the fact that the deed from the ''Slemp Interests'' to the plaintiff contained this clause:

> ''The intention of this instrument being to convey and transfer to the second party, the assets and all interests in lands and minerals that said first party now owns in any of the above mentioned counties or elsewhere.
>
> ''It being understood that the party of the second part by the acceptance of this deed does not bind itself to assume the obligation of debts of any nature of the said first party except in so far as it may exercise any option or accept any contract so assigned or conveyed to it.''

While the grantee did not assume the obligation of debts of any nature of the grantor, the benefits of the contracts were conveyed to it and it had the right to go on and carry these contracts out and demand the conveyance of the land from the owners. These contracts were in a box in the room kept by appellant. He in fact had all the surveying done that was required to write the deeds, and had this done as agent. He used this information in writing the deeds to himself; he wrote the deeds on blanks furnished him by the company for its purposes, and the parties testify that he told them of the contract and that they each made the deed pursuant to the contract. He did all this without the knowledge or consent of the company as its agent, and when it was his business to protect the interests of the company. He cannot now maintain that the corporation did not accept the contracts.

On the questions of fact involved in the record the court gives some weight to the finding of the chancellor, and we do not disturb his finding unless opposed to the weight of the evidence. In this case Hoge is the only witness testifying for him, and he is contradicted by practically every other witness in the case, as well as by numerous documents. The chancellor's findings of fact, therefore, cannot be disturbed.

The rule as between principal and agent is thus stated in 21 R. C. L., p. 825:

"Everyone—whether designated agent, trustee, servant or what not—who is under contract or other legal obligation to represent or act for another in any particular business or for any valuable purpose must be loyal and faithful to the interest of such other in respect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law. The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his services. He may not speculate for his gain in the subject matter of the employment. He may not use any information that he may have acquired by reason of his employment either for the purpose of acquiring property or doing any other act which is in opposition to his principal's interest. He

will be required to account to his employer or principal for any gift, gratuity or benefit received by him in violation of his duty, or any interest acquired adverse to his principal without a full disclosure, though it does not appear that the principal has suffered any actual loss by fraud or otherwise.'' To same effect see 2 C. J. 694, 706.

It is earnestly insisted that this rule does not apply here because Hoge paid for the land with his own money. It was held in Day v. Amburgey, 147 Ky. 123, that an agent who was by parol directed to buy land for another and bought it for himself, and paid for it himself, could not under the statute of frauds be required to convey the land to the principal. That case was followed in Doom v. Brown, 171 Ky. 469, and Kimmons v. Barnes, 205 Ky. 502. But the latter cases carry the ruling no farther than the first case; they simply follow it. Concluding its opinion in Day v. Amburgey, 147 Ky. 130, the court used these words:

"A resulting trust will arise where the promisee furnished the purchase money, or had an actual interest in the estate, or a *bona fide* claim thereto."

In that opinion a number of authorities are collected sustaining this conclusion. In this case the principal had an actual interest in the estate and a *bona fide* claim thereto, for it had written contracts duly recorded by which the owners agreed to convey the land to it. This fact takes the case at bar out of the rule laid down in the cases referred to.

The appellant pleaded the five years statute of limitation. Under the statute an action for relief from fraud or mistake must be brought within five years from the time the cause of action accrued, but section 2519, Kentucky Statutes, provides:

"In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

The action was brought within ten years and it was brought immediately after the fraud was discovered. The

rule as to diligence in discovering the fraud is thus stated in 2 C. J., p. 692:

"The relation of an agent to his principal is ordinarily that of a fiduciary, and as such it is his duty, in all dealings concerning or affecting the subject matter of his agency, to act with the utmost good faith and loyalty for the furtherance and advancement of the interests of his principal. So sedulously is this principle guarded that all acts of an agent which tend to violate his fiduciary duty are regarded as frauds upon the confidence bestowed, and are not only invalid as to the principal, but are also against public policy; but as the presumption in the absence of proof to the contrary is that an agent has performed his duty in good faith, the principal may rely upon the agent's faithfulness until he receives notice that he is not trustworthy."

No possession had been taken of the land and nothing had been done on it to apprise the company that the land had been conveyed to Hoge; the company owned very large bodies of land lying in five or six counties and no fact appears putting it on notice that the fraud had been perpetrated on it. The five years statute of limitation is not, therefore, available. Constructive notice by reason of the fact that the deed to Hoge was recorded is not sufficient under this statute, for the statute only runs from the time that the fraud is discovered or should by reasonable diligence have been discovered. Constructive notice is ineffective unless the statute gives it effect. 20 R. C. L., p. 342.

The contracts under which appellee claims had not expired. The persons making these contracts did not then so claim, but, on the contrary, made the deeds pursuant to the contracts, as they thought. Appellant cannot now be heard to say that the contracts had expired. The following Kentucky cases sustain the chancellor in adjudging that a trust existed: Graham v. King, 96 Ky. 339; Palm v. Howard, 129 Ky. 668; Dodson v. Patterson, 160 Ky. 18; Middleton v. Beasley, 186 Ky. 252.

The judgment of the chancellor cannot, therefore, be disturbed and on the original appeal it is affirmed.

On the cross-appeal complaint is made that the court did not adjudge to the appellee the profit which Hoge had made on a tract of land which he had conveyed to Perci-

val and which Percival conveyed to the corporation. But the evidence on this subject is conflicting, and if the evidence for the defendant is true the company, when it took the deed from Percival, did so well knowing the facts and ratifying what had been done. The chancellor's judgment cannot be disturbed on this branch of the case.

Judgment affirmed on the original and on the cross appeal.