Bobby Ray NORTH and Mary Kathleen North (Nunn), Appellants,

v.

Mary NORTH, Administratrix of the Estate of Farmer North and Mary North, widow of Farmer North, Appellee.

Court of Appeals of Kentucky.

Sept. 10, 1982.

Larry G. Bryson, Bledsoe, Little & Bryson, London, for appellants.

J. K. Beasley, Harlan, for appellee.

Before HOGGE, McDONALD and VANCE, JJ.

VANCE, Judge.

The question is whether a widow is entitled to dower in property of her deceased husband in a case where the deceased husband and his former wife in a divorce settlement contracted to convey the property to their children and the contract was incorporated in the divorce judgment.

The question is similar to that posed in *Wides v. Wides Executor,* 299 Ky. 103, 184 S.W.2d 579 (1945). In *Wides* the contract was that the husband would execute a will devising his entire estate in equal parts to his former wife and their children. The husband did not make such a will and upon his death a controversy arose between his widow and the former wife and children as to whether the widow was entitled to dower. The widow prevailed.

There are differences in the case at bar and the *Wides* case. Here there is a present contract to convey which would immediately extinguish the husband's interest in the property. In *Wides* the contract was to make a will which would dispose of the property in the future if it was still owned by the husband but which allowed him to enjoy the property the remainder of his lifetime or to dispose of it as he deemed necessary during his lifetime.

Also, in the case at bar KRS 392.040, provides:

The wife shall not have dower in land sold but not conveyed by the husband before marriage . . . .

Insofar as this statute is concerned we see no difference between property sold but not conveyed and property contracted to be sold by written contract but not conveyed. This contract related to a specific tract of land whereas in *Wides, supra,* the contract did not apply to any specific property but only to such property as constituted the estate of the decedent at his death.

We think *Wides* is distinguishable as we have set out and that the contract and judgment here subjected the property to a constructive trust from the time of the execution of the contract. See *Middleton v. Beasley,* 186 Ky. 252, 216 S.W. 591 (1919).

The right of the widow to claim any interest in this land fails in view of the constructive trust in favor of the appellants.

The judgment is reversed for entry of a new judgment in conformity with this opinion.

All concur.