The CENTRAL TRUST COMPANY, N.A., Appellant,

v.

DAN'S MARINA and Linda Howe, Appellees.

No. 92–CA–708–S.

Court of Appeals of Kentucky.

July 16, 1993.

Donald L. Richardson, Marshall K. Dosker, Stuart C. Brinn, Strauss & Troy, Covington, for appellant.

Stephen P. Huddleston, Warsaw, for appellee, Dan's Marina.

Before LESTER, C.J., and GUDGEL and SCHRODER, JJ.

LESTER, Chief Judge.

This is an appeal from a summary judgment determining the priority of liens as between a purchase money security interest and a mechanic's lien.

In May of 1987, Roger and Linda Howe purchased a used 1986 Bayliner boat for $28,765 which they financed through the Central Trust Company and when the finance charges ($28,296.60) were added the loan totaled $57,061.60. The lender perfected its security interest as required by law. The Howes defaulted so that by February, 1991, they owed an accelerated balance of $24,558.68 for which the bank filed suit in March, 1991. About May 1, 1989, the boat was placed in the possession of Dan's Marina which rendered towing, repair and storage services which accumulated to a bill of $4,574.07 as of February, 1992. If appellant's position statement is correct, the charges were made up of the following specifics:

$2,797.50—Towing and storage
1,022.14—Service charges
754.43—Repairs

Dan's Marina cross-claimed for the money due it and both parties filed motions for summary judgment. The court concluded that appellee's mechanic's lien was superior to that of appellant recognizing the lien pursuant to KRS 376.268 and 376.270 while determining its superiority under KRS 355.9–310. Needless to say, the marina retained possession of the boat at all times involved. The above mentioned statutes are as follows:

KRS 376.268

As used in KRS 376.270 and 376.275, "motor vehicle" shall include vessels used or designed for navigation of or operation on waterways, rivers, lakes, and streams, as well as those used or designed for operation on the public highways.

KRS 376.270

Any person engaged in the business of selling, repairing or furnishing accessories or supplies for motor vehicles shall have a lien on the motor vehicle for the reasonable or agreed charges for repairs, work done or accessories or supplies furnished for the vehicle, and for storing or keeping the vehicle, and may detain any motor vehicle in his possession on which work has been done by him until the reasonable or agreed charge therefor has been paid. The lien shall not be lost by the removal of the motor vehicle from the garage or premises of the person performing labor, repairing or furnishing accessories or supplies therefor, if the lien shall be asserted within six months by filing in the office of the county clerk a statement showing the amount and cost of materials furnished or labor performed on the vehicle. The statement shall be filed in the same manner as provided in the case of a mechanic's and materialman's lien, after the removal of the vehicle, unless the owner of the vehicle consents to an additional extension of time, in which event the lien shall extend for the length of time the parties agree upon. The agreement shall be reduced to writing and signed by the parties thereto.

KRS 355.9–310

When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such material or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

■ Before this Court appellant has no quarrel with the $754.43 repair item for it admits that appellee has a superior lien to this extent but contests the balance which is represented by towing, storage and service charges. The philosophy behind KRS 355.9–310 was embodied in the 1958 and 1983 Commentaries to the Commercial Code which was to ensure that liens securing claims arising from work intended to enhance or preserve the value of the collateral take priority over an earlier security interest even though perfected. This principle was quoted in *Corbin Deposit Bank v. King*, Ky., 384 S.W.2d 302, 303 (1964). KRS 376.270 grants a lien for enumerated services among which are repairs, storing or keeping and work done. Accordingly, we find no difficulty in concluding that so much of the marina's claim for repairs and storage constitutes a lien superior to that of appellant. As to the towing it can hardly be denied that boats, such as the one involved, are not stored in the water for this would not be conducive to preservation. Be it otherwise it would enhance the potentiality of deterioration. Therefore, the towing service would be properly included "work done."

■ Service charges, on the other hand, do not preserve the chattel but rather improve the margin of profit for the appellee. We find no reason in law or logic to allow this item to be properly included in the language of the statute, so as to be a portion of a mechanic's lien superior to that of a prior acquired security interest. This should not have been included in the summary judgment in favor of the appellee.

■ By way of position statement, the Bank would have us consider the effect of KRS 376.275 upon the litigation. We decline to do so for several reasons, the first of which is that there is nothing contained in the record presented to us that it was ever submitted for the trial court's consideration. Secondly, it is not mentioned in any manner whatsoever in the pre-hearing statement. In the last place, the statute in effect from the time this litigation was commenced until the present deals only with motor vehicles "involuntarily towed or transported" or stored pursuant to an involuntary towage.

As to the costs or charges for repairs, towing and storage the judgment is affirmed, but as to the amount of service charges it is reversed and the cause remanded for the entry of judgment in conformity with the views expressed herein.

All concur.