Steve JONES, Appellant

v.

MARQUIS TERMINAL, INC., Appellee.

No. 2013–CA–000702–MR.

Court of Appeals of Kentucky.

May 23, 2014.

Rehearing Denied July 15, 2014.

Discretionary Review Denied by Supreme Court March 25, 2015.

James W. Lyon, Jr., Greenup, KY, for appellant.

Rebecca Craycraft Brown, Huntington, WV, for appellee.

Before CLAYTON, COMBS, and STUMBO, Judges.

## OPINION

COMBS, Judge:

Steve Jones appeals the February 21, 2013, judgment of the Boyd Circuit Court which held that he had failed, in part, to mitigate his damages in an action for recovery of unpaid rent and conversion. After our review, we affirm in part, reverse in part, and remand for entry of judgment consistent with this opinion.

The appellee and defendant below is Marquis Terminal, Inc. Ross Brothers Construction Company is the parent company of Marquis. The evidence at trial indicated that a supervisor of Ross Brothers had arranged for three belt conveyors to be transported to a Marquis job site at AK Steel in January 2011. The conveyors were used to unload coke from river barges for screening and transport by rail.

The conveyors were integral to Marquis's business at the job site. They were owned by Steve Jones, the appellant and plaintiff below.

On January 8, 2011, Jones advised Marquis by letter that the cost of rental of the equipment was $125 per day × 3 for a total of $375 per day for all three conveyors. He demanded that the equipment be returned to him if Marquis declined to sign a formal lease agreement. On January 15, 2011, Jones sent Marquis an invoice for $7,927.50. However, no formal lease agreement was produced.

On February 1, 2011, Jones filed an action against Marquis seeking to recover the rental value of the conveyors for the period during which Marquis retained possession of the equipment. He also sought an injunction for the immediate return of his equipment. No hearing was requested, however, and no injunction was issued.

On February 18, 2011, Marquis tendered a check for equipment rental in the amount of $7,875.00 ($52.50 less than the face amount of the invoice of January 15, 2011). Marquis did not return the equipment. Although Jones continued to send invoices for equipment rental, Marquis never issued another check.

In June 2011, the parties were ordered to attend mediation. In August 2011, Jones filed a motion to have the matter set for trial. A jury trial was scheduled for April 23, 2012. Jones filed an amended complaint on February 3, 2012, asserting a claim for conversion against Marquis. Over Jones's objection, the trial was continued. The matter was eventually set for a bench trial to be conducted on November 19, 2012. The bench trial was ultimately conducted on January 23, 2013.

Marquis's former comptroller, Elizabeth Hall, testified at trial. Hall indicated that Marquis had been aware that it owed an additional $21,262.50 to Jones as of May 27, 2011, for the equipment rental. She explained that invoices for the equipment rental had gone unpaid because of limited cash flow in the business.

Following presentation of the evidence, the trial court found that Marquis agreed to rent the equipment and knew that it was obligated to pay Jones's invoices. The court found that Marquis utilized the equipment through June 2011, but that it had failed to make the agreed rental payments. The court found that while the equipment was still in Marquis's possession at the time of trial, Jones was not entitled to recover rent "after he should have taken steps to mitigate his damages and recover his equipment." Judgment at 7. The court did not allow Jones to recover for the ongoing use of the equipment up to and including the entry of judgment on February 20, 2013. Instead, it concluded that Marquis owed Jones $67,125.00 to cover rental costs for only 179 days. The sum of $7,875.00 (Marquis's only payment) was subtracted from the total, leaving a balance of $59,250.00. That figure was computed based upon the trial court's conclusion that Jones had a duty to mitigate damages by forcing the issue as of June 30, 2011—despite the fact of Marquis's actual use of it for a far longer period of time. The court ordered Marquis to return the equipment to Jones.

On appeal, Jones contends that the trial court erred: by improperly computing his damages; by failing to award pre-judgment interest; and by failing to consider his allegation that Marquis's retention of the equipment under the circumstances amounted to conversion. We shall address each of these contentions.

Since this matter was tried before the circuit court without a jury, our review is governed by the provisions of Kentucky Rule[s] of Civil Procedure (CR) 52.01.

Under this rule, findings of fact cannot be set aside unless clearly erroneous. *Id.* Findings of fact are not clearly erroneous if they are supported by substantial evidence. *Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409 (Ky.1998). However, the trial court's application of the *law* to the facts as it finds them is subject to our plenary review. *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.,* 998 S.W.2d 505 (Ky.App.1999).

■ Jones contends that the trial court failed to compute his contract damages correctly. He claims that he is entitled to the payment of rent at the agreed rental rate for the entire period during which Marquis retained possession of the equipment. Therefore, he argues that the trial court erred by concluding that he failed to mitigate his damages after June 30, 2011. We agree.

■ A party claiming damages for breach of contract is obligated to use reasonable efforts to mitigate his damages. *Deskins v. Estep,* 314 S.W.3d 300 (Ky.App. 2010). The injured party must act reasonably so as not to enhance the damages caused by the breach. 22 Am.Jur.2d *Damages* § 353 (2010). However, his efforts to minimize or avoid losses need not be unduly risky, expensive, burdensome, or humiliating. *See* 24 *Williston on Contracts* § 64:27 (4th ed.2010). The party committing the breach bears the burden of proving that the plaintiff failed to mitigate his damages.

In this case, the trial court found that by the end of June 2011, Jones should have sought injunctive relief to recover the equipment. The court observed that Jones never sought an order authorizing him to go onto the property of AK Steel to confirm that his equipment was being utilized by Marquis; nor did he secure a court order directing the return of the property. In its brief, Marquis argues

that Jones was under an obligation to prevent Marquis from retaining the equipment when it was evident that it would not pay the rent. Marquis also relies on evidence indicating that Jones declined its offer to purchase the equipment from him.

Marquis has not produced sufficient evidence to establish that Jones failed to mitigate his damages in this matter. Under the terms of the parties' agreement, Marquis was plainly under a duty either to pay the rental cost or to return the equipment to Jones. Once Marquis realized that it could not pay under the terms of the agreement, Marquis could have—and arguably should have—returned the equipment. Thus, it had an opportunity to mitigate damages itself. Instead of doing so, it elected to retain and to use the equipment.

Marquis's evidence did not establish that Jones allowed his damages to accumulate unreasonably. We cannot agree that Jones had any obligation to elect either to sell his equipment to Marquis or to secure the court's intervention before he filed this action against Marquis in February 2011. The evidence indicates that Jones took reasonable steps to minimize the losses resulting from Marquis's blatant breach of the agreement. It does not indicate that he sat idly by and permitted the damages to accrue. Consequently, Jones's recovery should not be limited by any alleged failure to mitigate damages. Instead, he is entitled to contract damages in accordance with the terms of the parties' agreed rental rate multiplied by the number of days that Marquis actually retained the equipment. And so, we reverse on this issue.

■ We next address Jones's contention that the trial court erred by failing to award pre-judgment interest. Jones argues that he is entitled to pre-judgment interest as a matter of course since the

parties' contract provided a fixed rental rate and his damages could be determined by reference to that rate. We agree.

An award of pre-judgment interest in a contract case is controlled by the *Restatement (Second) of Contracts* § 354 (1981), which provides as follows:

(1) If the breach consists of a failure to pay **a definite sum in money** or to render a performance with **fixed or ascertainable monetary value,** interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.

(2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due. (Emphases added.)

Subsection (1) is applicable to this matter. The trial court found that the parties had agreed to a rental rate for the equipment of $375 per day. There is no dispute regarding the number of days that Marquis retained possession of the equipment. Nothing in the record suggests that there is any equitable reason not to require the payment of pre-judgment interest. It is due as a matter of course, and indeed it would have been inequitable for the court to refuse to do so.

■ In his amended complaint, Jones alleged that Marquis wrongfully converted the equipment in reckless disregard of his rights. He sought recovery of the full value of the equipment and an award of punitive damages. Jones contends that the trial court erred by failing to award him tort damages based upon Marquis's conversion of the equipment. We disagree.

■ Conversion is an intentional tort that involves the wrongful exercise of dominion and control over the property of another. *See St. Auto. Mutual Ins. Co. v. Chrysler Credit Corp.,* 792 S.W.2d 626, 627 (Ky.App.1990); *see also Oliver v. J.J.B. Hilliard,* Nos. 2010–CA–001138–MR, 2010–CA–001236–MR, 2010–CA–001428–MR, 2010–CA–001479–MR, 2013 WL 762593 (Ky.App. Mar. 1, 2013) ("Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.") (quoting Restatement (Second) of Torts § 222A (1965)). In Kentucky, a claim of conversion consists of the following elements:

(1) the plaintiff had legal title to the converted property;

(2) the plaintiff had possession of the property or the right to possess it at the time of the conversion;

(3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment;

(4) the defendant intended to interfere with the plaintiff's possession;

(5) the plaintiff made some demand for the property's return which the defendant refused;

(6) the defendant's act was the legal cause of the plaintiff's loss of the property; and

(7) the plaintiff suffered damage by the loss of the property.

*Ky. Ass'n of Counties All Lines Fund Trust v. McClendon,* 157 S.W.3d 626, 632 n. 12 (Ky.2005) (quoting 90 C.J.S. *Trover and Conversion* § 4 (2004)); *see also Meade v. Richardson Fuel, Inc.,* 166 S.W.3d 55 (Ky.App.2005).

Although a breach of contract action and a claim for conversion are not necessarily

incompatible, they do not coincide under the circumstances presented in the case before us. While Jones's complaint did not state with particularity the basis of his tort claim, it does not appear that the rented equipment was physically damaged in any material way. Furthermore, the court finally ordered the return of Jones's equipment, and the economic losses arising from the breach of contract were fully recoverable upon its return. Jones did not show that he sustained tort damages or a loss independent of the contract damages. Thus, the trial court did not err by failing to award Jones either the value of the equipment or punitive damages for its conversion.

The judgment of the Boyd Circuit Court is affirmed in part, reversed as to the issue of mitigation of damages, and remanded for entry of a judgment consistent with this opinion.

ALL CONCUR.