RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0995-MR

STANFIELD BODY SHOP, LLC                                    APPELLANT

v.
APPEAL FROM CLARK CIRCUIT COURT
HONORABLE BRANDY O. BROWN, JUDGE
ACTION NO. 20-CI-00183

JEFFREY BRUNER                                             APPELLEE

OPINION
AFFRIMING IN PART,
VACATING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: JONES, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Stanfield Body Shop, LLC ("the Body Shop") appeals from a

judgment of the Clark Circuit Court awarding damages to Jeffrey Bruner (Bruner)

for the Body Shop's conversion of his vehicle and on the Body Shop's

counterclaim to recover its repair and storage expenses for Bruner's vehicle. We

conclude that the trial court clearly erred in finding that the Body Shop did not have a statutory lien for the repair and storage expenses. Therefore, the court erred in awarding damages on Bruner's conversion claim. We further conclude that the trial court was within its discretion to determine the reasonable amount of storage fees. But, since the trial court incorrectly determined that the Body Shop was not authorized to retain the vehicle, we must remand this matter for a new determination of the reasonable amount of storage fees to which the Body Shop is entitled. Hence, we vacate in part, affirm in part, and remand for additional findings of fact and entry of a new judgment.

Except where noted, the relevant facts of this action are not in dispute. Bruner was the owner of a 2006 Dodge Ram truck. Lloyd Stanfield is the owner of the Body Shop, located in Winchester, Clark County, Kentucky. Sometime during July of 2018, Bruner's truck was involved in an accident. Bruner testified that he had his truck transported to the Body Shop in July or August. He requested that the Body Shop inspect the vehicle and provide an estimate for repairs. Bruner testified that he called the Body Shop repeatedly throughout the late summer and fall of 2018 but was told that no one had looked at it yet.

Stanfield testified that the vehicle only sat on his lot for two-three weeks until the Body Shop was able to work on it. The Body Shop placed the vehicle on a frame rack and removed the front bumper to calculate the degree of

damage and the repairs necessary. Stanfield further testified that the Body Shop has posted rates, including $100 per hour for framework and $35 per day for storage. Stanfield also testified that the Body Shop provided Bruner with a repair estimate of $8,000-$10,000. On cross-examination, Stanfield stated that Bruner wanted a total paint job, but he dislikes doing that work. Stanfield admitted that he quoted that service at a high price to deter doing that service.

Bruner declined to have the work done, stating that he could not afford it because he was still recovering from a recent injury. The Body Shop provided Bruner with an invoice with charges of $300 for the assessment as well as storage fees of $35 per day. Bruner testified that that the Body Shop would not allow Bruner to retrieve his vehicle or personal belongings until the invoice was paid. The vehicle remained on the Body Shop's lot through the filing of this action.

On April 13, 2020, Bruner filed a complaint alleging that the Body Shop had converted his vehicle. In its answer, the Body Shop stated that it had a mechanic's lien on the vehicle pursuant to KRS[1] 376.270. The Body Shop also asserted that it was entitled to retain the vehicle until the assessment charges and storage fees were paid. The Body Shop also filed a counterclaim, seeking $300 for

---

[1] Kentucky Revised Statutes.

the cost of the assessment, and storage charges of $35 per day from November 16, 2018, to the date of its answer, May 20, 2020, totaling $19,285.00.

Following a bench trial, the trial court entered findings of fact, conclusions of law, and a judgment on August 27, 2021. The trial court took the position that the term "work done" in the statute does not include "[m]erely assessing the vehicle for a quote, regardless of the time or skill required to do so[.]" As a result, the court concluded that the Body Shop is not entitled to a mechanic's lien for those charges. The court agreed that the Body Shop is entitled to a lien on the vehicle for the storage charges. But, the court concluded that the body shop failed to mitigate its damages by retaining the vehicle beyond November 28, 2018.

Based on these conclusions, the trial court found that the Body Shop does not have a valid mechanic's lien. As a result, the court determined that its retention of the truck amounted to conversion. The court found that Bruner is entitled to recover his vehicle and to recover any amounts paid in taxes, registration or insurance between November 28, 2018, and the date he recovered the truck. On the counterclaim, the trial court awarded the Body Shop $300 in service charges for the evaluation of the truck and $35 per day in storage fees between the dates of November 15 and November 28, 2018, for a total amount of $525. The Body Shop now appeals from this judgment.

As this matter was tried before the circuit court without a jury, our review of factual determinations is under the clearly erroneous rule. CR[2] 52.01. A finding of fact is not clearly erroneous if it is supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). It is within the trial court's province as the fact-finder to determine the credibility of the witnesses and the weight given to the evidence. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). We review the trial court's conclusions of law *de novo*. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky. App. 2005).

The Body Shop primarily argues that it was entitled to a mechanic's lien against Bruner's vehicle pursuant to KRS 376.270. The Body Shop points out that the statute authorized it to retain the vehicle until the "reasonable or agreed charge therefor has been paid[.]" *Id*. The statute also authorizes a lien for storage fees. Consequently, the Body Shop maintains that it cannot be liable for conversion because it had a right to retain possession of the truck. The Body Shop also argues that it is entitled to the full amount of its storage costs of the vehicle up to the date of trial, or at least the date that Bruner filed his action.

---

[2] Kentucky Rules of Civil Procedure.

The central question in this case concerns the scope and application of KRS 376.270, which provides as follows:

> Any person engaged in the business of selling, repairing or furnishing accessories or supplies for motor vehicles shall have a lien on the motor vehicle for the reasonable or agreed charges for repairs, work done or accessories or supplies furnished for the vehicle, and for storing or keeping the vehicle, and may detain any motor vehicle in his possession on which work has been done by him until the reasonable or agreed charge therefor has been paid. The lien shall not be lost by the removal of the motor vehicle from the garage or premises of the person performing labor, repairing or furnishing accessories or supplies therefor, if the lien shall be asserted within six (6) months by filing in the office of the county clerk a statement showing the amount and cost of materials furnished or labor performed on the vehicle. The statement shall be filed in the same manner as provided in the case of a mechanic's and materialman's lien, after the removal of the vehicle, unless the owner of the vehicle consents to an additional extension of time, in which event the lien shall extend for the length of time the parties agree upon. The agreement shall be reduced to writing and signed by the parties thereto.

The parties agree that the Body Shop was engaged in the business of repairing motor vehicles. The statute explicitly grants a lien for enumerated services, among which are repairs, storing or keeping, and work done. *Cent. Tr. Co., N.A. v. Dan's Marina*, 858 S.W.2d 211, 213 (Ky. App. 1993). The trial court noted that, in *Dan's Marina*, this Court held that the term "work done," as used in KRS 376.270, does not include "service charges" which "do not preserve the chattel but rather improve the margin of profit for the appellee." *Id.* at 213. Based

-6-

on this language, the trial court concluded that the Body Shop was not entitled to a mechanic's lien for its work preparing an estimate for Bruner.

We disagree. Stanfield testified that the Body Shop secured Bruner's truck to a frame rack, removed the front bumper, and used specialty tools and measuring devices to calculate the degree of damage to the vehicle. The term "work done" in KRS 376.270 includes labor for the inspection of a motor vehicle. *See Airrich, LLC v. Fortener Aviation, Inc.*, 489 S.W.3d 254, 259 (Ky. App. 2016). Furthermore, KRS 376.270 clearly authorized the body shop to assert a lien for reasonable storage charges on the vehicle. Either of these charges would be sufficient to create a lien under the statute. Therefore, the trial court clearly erred in determining that the Body Shop lacked a valid lien on Bruner's truck.

Consequently, the trial court clearly erred in finding that the Body Shop converted the vehicle. KRS 376.270 authorizes a lien-holder to "detain any motor vehicle in his possession on which work has been done by him until the reasonable or agreed charge therefor has been paid." Thus, Bruner never had a right to the return of the truck, which is an essential element of the tort of conversion. *See Jasper v. Blair*, 492 S.W.3d 579, 582 (Ky. App. 2016) (citing *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014)). As a result, the trial court clearly erred by entering a judgment and awarding damages on Bruner's conversion claim.

The Body Shop also argues that the trial court erred by failing to enter a judgment for the full amount of work done and storage fees for Bruner's truck. There is no dispute that the Body Shop invoiced Bruner for $300 for the work it performed in preparing a repair estimate. The trial court found that amount to be reasonable and awarded a judgment to the Body Shop in that amount. The Body Shop also posted storage fees of $35 per day and sought to recover those daily fees incurred between November 16, 2018, and either the date of trial or the date Bruner filed this action. The Body Shop argues that the trial court arbitrarily limited its recovery of storage fees to those incurred up to November 28, 2018.

However, KRS 376.270 authorizes a lien for "reasonable" charges for storing or keeping the vehicle. The trial court had discretion to determine the amount of storage charges which were reasonable under the circumstances. And while the statute authorized the Body Shop to detain the truck until it was paid, it also allowed the Body Shop to release the vehicle but retain its lien by filing a statement with the county clerk. When read together, these sections protect the lien rights of the Body Shop, but also protect the rights of vehicle owners against the indefinite accrual of fees.

In this case, the trial court found that the Body Shop's storage fees between November 16 and November 28, 2018, were reasonable. We agree with the trial court that the storage charges accruing for the additional 500+ days were

not reasonable. Indeed, such charges would substantially exceed the value of the truck. Thus, the trial court was not obligated to award the full amount of the Body Shop's claimed storage fees.

Our conclusion on this point still leaves open how much of the storage fees incurred during this additional period were reasonable. As discussed above, the trial court erred in finding that the Body Shop was not authorized to retain the truck beyond the latter date. On the other hand, the statute authorized the Body Shop to retain its lien by filing a statement with the county clerk within six months. Thus, there is a factual question concerning how much, if any, of the storage fees incurred after November 28, 2018, were reasonable under the circumstances. Therefore, we must remand this matter for additional findings and a new judgment on this this issue.

Based on the foregoing, we vacate the judgment of the Clark Circuit Court to the extent that it awarded Bruner damages on his conversion claim against the Body Shop. On remand, we direct the trial court to enter a new judgment dismissing Bruner's conversion claim. We further direct the trial court to conduct a new evidentiary hearing and to enter new findings of fact and a judgment on the reasonable amount of storage fees to which the Body Shop is entitled.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Brian N. Thomas                         M. Alex Rowady
Winchester, Kentucky                    Winchester, Kentucky