RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0752-MR

CHRISTY LYNN COCANOUGHER                   APPELLANT

v.           APPEAL FROM METCALFE CIRCUIT COURT
HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 21-CI-00145

DAVID LYNN MURPHY                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND A. JONES, JUDGES.

EASTON, JUDGE: The Appellant, Christy Lynn Cocanougher ("Christy"), claims

that the circuit court erred in not finding a conversion of funds and not imposing a

constructive trust on funds she gave to the Appellee, David Lynn Murphy

("David"), which were used for a down payment on a house titled in David's

name. Because this is the only claim properly made in this appeal, we will not

address arguments about other personal property disputes also addressed by the circuit court. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Christy and David met as co-workers. Within months, they started dating. Some months later, David moved into Christy's house with her children. A few months after that, in about October of 2019, Christy had some financial difficulties. She lost a job and had limited income for many months. She fell behind on her mortgage payments.

In June 2020, Christy sold her house, obtaining the equity of about $35,000.00. She deposited these proceeds into a checking account in David's name only. Christy explained that the proceeds were deposited into David's account because they intended to marry (which they never did) and purchase a home together, but David would have to put everything in his name due to her bad credit history. David testified that Christy owed him the money for his taking care of her and her children during her extended financial difficulties.

In July 2021, David purchased a house. He made a down payment of $25,427.29 from his account, with closing costs totaling $3,581.11. The deed conveyed this property solely to David. David said the deed was in his name because the house was supposed to be his.

Less than a year after the house purchase, David obtained an emergency protection order against Christy. She was given an opportunity to gather personal belongings from the house. After a hearing, David obtained a domestic violence order against Christy consistent with the allegations in his petition.

Christy's Complaint in this case alleged breach of contract and conversion. She sought recovery of the $35,136.94 received from the sale of her house that had been deposited in David's account. She sought this on a breach of contract theory. Specifically, Christy claimed the money was a loan for the purchase of a jointly owned house. As for conversion, Christy's claims related only to her items of personal property which she says she was unable to retrieve from the house.

The circuit court conducted a bench trial. The parties testified as did some of Christy's relatives. That court then entered its written Findings of Fact, Conclusions of Law, and Judgment dismissing Christy's claims. The court found no evidence that the money from the sale of Christy's house was meant to be a loan. The court acknowledged Christy's testimony that the money was to be used as a down payment on a new house with her belief that she would be a joint owner of the property. But the court noted that this directly conflicted with her argument that she loaned money for the down payment to David, because then David would

have been expected to repay the loan, and she would have no ownership interest in his house.

The court found Christy "did not allege or establish that title to the real estate was procured by fraud against her or that her name was left off the deed without her knowledge." The court also found Christy failed to "show by definite, clear, and convincing proof that [David] acquired title to the Edmonton property upon trust and confidence that he would do so for [Christy's] benefit." This appeal follows.

**STANDARD OF REVIEW**

"Because this is an appeal from a bench trial without a jury, the trial court's findings of fact are 'not [to] be set aside unless clearly erroneous with due regard being given to the opportunity of the trial judge to consider the credibility of the witnesses.'" *Goshorn v. Wilson*, 372 S.W.3d 436, 439 (Ky. App. 2012) (quoting *Lawson v. Loid*, 896 S.W.2d 1, 3 (Ky. 1995); *see also* CR[1] 52.01. "A factual finding is not clearly erroneous if it is supported by substantial evidence." *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky. App. 2005) (citations omitted). Substantial evidence is evidence, either taken alone or considering all the evidence, which has sufficient probative value to induce conviction in the mind of a

---

[1] Kentucky Rules of Civil Procedure.

reasonable person. *Id.* (citations omitted). The trial court's conclusions of law are subject to *de novo* appellate review. *Id.* (citations omitted).

## ANALYSIS

Christy first argues the circuit court erroneously applied the law as to her claim of conversion. She seeks the partial[2] return of the sale proceeds from the sale of her house under the theory of conversion. Her brief contrasts with her pleadings in which she claimed the return of the money under a breach of contract or loan theory. After reviewing her brief, we conclude that Christy has abandoned her breach of contract or loan argument entirely, as well as any claim about any personal property.

Christy's Verified Complaint alleged the following causes of action: Count I was for Breach of Contract/loan argument seeking the return of the sale proceeds she deposited into David's account. Count II sought damages for conversion of her personal property still in the house. After the bench trial, Christy's counsel tendered a proposed Findings of Fact, Conclusions of Law, and Judgment ("Proposed Judgment"). The Proposed Judgment addressed only the conversion claim as to the personal property, not the money deposited in David's account.

---

[2] Christy's brief seeks $25,427.29 of the total proceeds of $35,136.94.

It is apparent from Christy's brief that she is seeking, essentially for the first time, a return of the sale proceeds under a new theory of conversion. A party may not raise an issue for the first time on appeal. "The appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010). While the circuit court considered an equitable trust claim, neither that claim nor one for conversion of the funds was ever pled.

Christy's argument for conversion also has no merit. Conversion is an intentional tort involving "the wrongful exercise of dominion and control over the property of another." *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014) (citations omitted). "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 222A (1965)).

There are several elements to a conversion claim as outlined in *Jones*. Christy cannot get past the third element:

> (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment[.]

*Id.* (citations omitted). Christy voluntarily gave the funds to David first claiming it was a loan and then seeking a form of trust on the funds on the theory of some agreement for joint ownership of the property purchased. She proved no conversion.

Christy then argues the circuit court erred in analyzing her unpled constructive trust theory. The circuit court interpreted Christy's arguments at the bench trial as a resulting trust. A resulting trust specifically applies in the context of a real property purchase, but the circuit court noted such trusts were abolished by statute. *See Horn v. Horn*, 562 S.W.2d 319, 320 (Ky. App. 1978) (recognizing KRS[3] 381.170 abolished resulting trusts).

Christy's constructive trust argument also has no merit. The imposition of a constructive trust is not a claim but merely a remedy. *Bewley v. Heady*, 610 S.W.3d 352, 357 (Ky. App. 2020) (citing *Middleton v. Beasley*, 216 S.W. 591, 592 (Ky. 1919)). Constructive trusts are created "in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Keeney v. Keeney*, 223 S.W.3d 843, 849 (Ky. App. 2007) (citing *Hull v. Simon*, 128 S.W.2d 954, 958 (Ky. 1939)). "The fraud may occur in any form of unconscionable conduct; taking advantage of one's weaknesses or necessities, or in any way

---

[3] Kentucky Revised Statutes.

violating equity in good conscience." *Kaplon v. Chase*, 690 S.W.2d 761, 763 (Ky. App. 1985) (citation omitted). A court exercising its equitable power may impress a constructive trust upon one who obtains legal title, "not only by fraud or by violation of confidence or of fiduciary relationship, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another[.]" *Keeney*, *supra*, at 849 (quoting *Scott v. Scott*, 210 S.W. 175, 176 (Ky. 1919) (emphasis omitted)).

The circuit court found Christy did not allege or show by clear and convincing evidence that David used the funds to obtain sole title to his house through fraud or other circumstances compelling imposition of a trust. Specifically, the court found Christy did not prove by clear and convincing evidence that David used any of her funds to buy the house for her benefit. The court correctly found there was no trust, constructive or otherwise.

## CONCLUSION

The circuit court did not err in its application of the law regarding conversion and constructive trusts. The Judgment of the Metcalfe Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Donald J. Sharp                         Brian K. Pack
Greensburg, Kentucky                    Glasgow, Kentucky