RENDERED:  MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0648-MR

CHARLES DAMON MOORE                                             APPELLANT

v.                      APPEAL FROM SHELBY CIRCUIT COURT
HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 14-CI-00628

PEGASUS INDUSTRIES/PACKAGING, LLC                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND ECKERLE, JUDGES.

EASTON, JUDGE:  The Appellant ("Moore") seeks reversal of the judgment in favor of the Appellee ("Pegasus") enforcing a liquidated damages provision in the employment contract between them.  Finding no error by the circuit court, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Moore began working with Pegasus in 2012 as a production manager. Moore signed an Employment Agreement on September 26, 2012. This contract contained several covenants.

Paragraph 4 of the Employment Agreement states Moore would receive specialized training while employed with Pegasus. During his employment, Moore would learn trade secrets and business methods of Pegasus. Such knowledge allowed Pegasus to rely upon Moore as its employee to help Pegasus compete in its field of business. The sharing of this information would harm Pegasus and thus was prohibited in Paragraph 6(a). In Paragraph 6(b), Moore agreed that for a period of two years and within an area of one hundred miles he would not "engage in any activity which may be in interference with or in competition with the interests of" Pegasus.

Paragraph 7 of the Employment Agreement begins with a recognition by Moore "that a violation of provisions of this Agreement will surely result in damage . . . ." A further provision states: "in the event that damages to the Employer are not ascertainable, then Employee shall be liable to Employer for Twenty-Five Thousand Dollars ($25,000.00) in liquidated damages. Employee agrees to pay a reasonable attorney's fees and cost of suit."

Nifco was a customer of Pegasus. Pegasus performed work for Nifco, including "kitting," a process of putting certain related items together for packaging and shipping. Pegasus had a dozen employees, including Moore, stationed at Nifco when fulfilling purchase orders from Nifco. Pegasus bought a property near Nifco and some specialized equipment in anticipation of this relationship continuing.

Moore quit his job with Pegasus on August 4, 2014. Within two months, he was working for Nifco. According to testimony in the record, this change resulted in an "awkward" and "cold" or even "hostile" environment for the Pegasus employees at Nifco. Nifco would not return Pegasus' calls.

The business relationship between Nifco and Pegasus rapidly deteriorated as shown by Pegasus's well-documented income data from the time Moore started working at Nifco. The $250,000 annual income stream from Nifco to Pegasus diminished to just a trickle. Several Pegasus employees working at Nifco lost their jobs due to this reduction in business. The equipment Pegasus purchased for the Nifco work would not be used, as there was no expansion much less continuation of their interaction.

The first hearing in this case in 2015 focused on whether the circuit court would issue a temporary injunction. At the conclusion of that hearing, the circuit court denied a temporary injunction finding no irreparable injury in that

damages could be awarded. Subsequently, the circuit court granted summary judgment in favor of Pegasus on the question of whether Moore violated the covenants of the Employment Agreement.

As it turns out, Moore would not work at Nifco for even a year. He did some self-employed work after he left Nifco. Moore then became a production technician for a bedding company in Louisville by the time of the second hearing in 2018.

At the second hearing in 2018, the remaining question was what damages could be awarded in this case. Moore (and essentially Nifco on his behalf) argued Moore had nothing to do with the changes Nifco made with respect to Pegasus. Nifco simply decided to go a more cost-efficient way, which happened to involve a different supplier. With respect to damages, Moore insisted Pegasus could not establish any damages resulting from Moore's competing employment.

The question of whether Moore violated the Employment Agreement is not presented on appeal. The appeal is limited to the later decision by the circuit court to award liquidated damages of $25,000 with attorney's fees and costs of $17,968.03.

## STANDARD OF REVIEW

The opinion and order appealed from was a summary judgment. When a circuit court grants a motion for summary judgment, the standard of

review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

Whether liquidated damages are to be awarded for a breach of contract involves the interpretation of the governing contract. The question is one of law. The circuit court looks at the circumstances to decide whether the liquidated damages provisions will be enforced, or the case proceeds to a factual determination of actual damages. Because this is a question of law, our review of the circuit court's decision enforcing liquidated damages is *de novo*. *Patel v. Tuttle Properties, LLC*, 392 S.W.3d 384, 386 (Ky. 2013).

## ANALYSIS

Citing Black's Law Dictionary, this Court has defined liquidated damages as damages "contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." *Goetz v. Asset Acceptance, LLC*, 513 S.W.3d 342, 346 (Ky. App. 2016). We have recognized liquidated damages provisions as "particularly appropriate" for restrictive covenants in employment situations. *Daniel Boone Clinic, P.S.C. v. Dahhan*, 734 S.W.2d 488, 491 (Ky. App. 1987).

The leading early case on liquidated damages is *Fidelity & Deposit Company of Maryland v. Jones*, 75 S.W.2d 1057 (Ky. 1934). The "only inquiry" in such a case is whether the parties intended the liquidated damages provision as

compensation for a breach. *Id*. at 1060. If it serves only as a penalty, it is not enforceable. *Id*. at 1059.

Moore relies upon other language in *Jones*: "[I]f no damages have been sustained by reason of the violation of the agreement, a clause liquidating the damages will not avail the plaintiff. In such case only nominal damages are recoverable." *Id*. at 1059-60. It stands to reason that if no damages are shown, then the liquidated damages amount would be disproportionate and would serve only as a penalty.

Kentucky would later adopt the Restatement (Second) of Contracts § 356(1) (1981) on this subject. *Mattingly Bridge Co., Inc. v. Holloway & Son Constr. Co.*, 694 S.W.2d 702, 705 (Ky. 1985). We then consider alternately both the anticipated loss and the actual loss when determining whether a liquidated damages provision is to be enforced. It will be enforced if it does not serve as a penalty only. *Id*.

The argument between the parties here helps to illustrate the very reason for liquidated damages. It would be very difficult to ascertain to what degree Moore's use of his training, Pegasus' in-house knowledge, and experience would harm Pegasus. Pegasus lost some of that investment when Moore left. Moore's influence with Nifco and the negative impact on the working relationship between the companies could be a causative factor in Nifco's decision to

discontinue its relationship with Pegasus. Yet other factors may also have to be considered.

Neither the circuit court nor this Court must accept the explanation offered by Nifco of pure coincidence in the deterioration of the relationship with Pegasus. The testimony (at both hearings) of the environment at Nifco with Moore's presence combined with the contemporary decline in Pegasus income from Nifco was sufficient circumstantial evidence to establish actual damage apart from the lost training value issue. The inability to establish an amount with certainty is the justification for liquidated damages. Considering the intangibles anticipated by the parties with the evidence of an actual and substantial economic loss, at least partially connected to Moore, the circuit court did not err in concluding the legal question of the validity of the liquidated damages provision in this case.

With respect to attorney's fees, KRS 411.195 is an exception to the "American Rule" under the common law. If a contract provides for attorney's fees, they may be awarded. *See Gibson v. Kentucky Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204 (Ky. App. 2010). In this case, the Employment Agreement authorizes an award of attorney's fees. The circuit court awarded such fees based upon documented billing statements of the fees incurred.

## CONCLUSION

The opinion and order of the Shelby Circuit Court awarding liquidated damages and attorney's fees and costs is AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Nathan Thomas Riggs
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

C. Gilmore Dutton, III
Katherine H. Whitten
Shelbyville, Kentucky